THE STATE OF MONTANA, Plaintiff and Appellant, v.
KENNETH A. LeCOURE, Defendant and Respondent.

No. 12087.
Submitted Dec. 1, 1971.
Decided Dec. 20, 1971.
491 P.2d 1228.

Robert L. Woodahl, Atty. Gen., J. C. Weingartner, Deputy
Atty. Gen., argued, Helena, Lawrence G. Stimatz, County Atty.,
J. Brian Tierney, Deputy County Atty., argued, Butte, for
plaintiff and appellant.

Holland, Holland & Haxby, David L. Holland, argued, Butte,
for defendant and respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion
of the Court.

This appeal arises from an order granting a motion to dis-

miss a second degree assault Information, on the grounds defendant had been "once in jeopardy".

The facts giving rise to the case are: Fred J. Barrett, a Federal Bureau of Investigation (FBI) agent assigned to the Butte office, on September 13, 1969, upon arrival in Butte from a trip to Bozeman, took his government vehicle to the government garage. He picked up his own vehicle and proceeded to the local FBI office to turn in his equipment and sign out. He parked his vehicle in a reserved area and shortly thereafter defendant backed his pickup into the front of Bassett's vehicle, causing considerable damage. Defendant did not stop after the accident. However, due to a stop sign at an intersection he stopped and Bassett, who had followed defendant's car on foot in an attempt to get the license number of the vehicle which had damaged his vehicle, was confronted by defendant. Defendant struck Bassett causing him to be hospitalized for fractures of the cheek bone and for dental surgery.

Thereafter an agent of the FBI, one Hal Vogalsang, contacted Mark Sullivan, the county attorney of Silver Bow County, in regard to filing charges in the state court on the alleged assault. He later informed Mr. Sullivan that a decision had been made to prosecute the defendant in the federal court, rather than in the state court. The matter was submitted to a federal grand jury which issued the following true bill:

"That on or about the 13th day of September, 1969, at Butte, in the State and District of Montana, KENNETH ALBERT LeCOURE did forcibly assault Fred J. Bassett by striking said Fred J. Bassett with his fist or other object, the said Fred J. Bassett then and there being an agent of the Federal Bureau of Investigation, a person designated in Section 1114 of Title 18, United States Code, engaged in and on account of the performance of his official duties. Said assault in violation of 18 U.S.C. §§ 111 and 1114."

The case went to trial before Judge Murray, sitting with a jury, on May 25, 1970. After the jury had been empaneled and

the government had completed its case and rested, the defendant through counsel moved the court for judgment of acquittal. On May 26, 1970, Judge Murray granted the motion and stated to the jury:

"COURT Ladies and gentlemen of the jury, yesterday at the close of the government's case, the defense made a motion for acquittal on the grounds and for the reasons that the Government had failed to prove the charge made. As you understand, this is a federal case and in order for the government to prove its case, it must prove that the person assaulted, Mr. Bassett, was at the time of the assault engaged in or on account of the performance, he was assaulted while he was engaged in or on account of the performance of his official duties.

"Now, the testimony was that Mr. Bassett went to the truck of the defendant for the purpose of getting a name and license number in order to have the information in the event his own truck had been damaged. Now, that had nothing to do with his official duties, and as a result of that, no federal law has been violated.

"It is unfortunate, of course, that at this point we cannot proceed further, but there's no sense in proceeding further, to receive the testimony of the defense; of course, as of this time and under the state of the evidence as it now exists, there certainly exists cause for the State to bring an action against the defendant for assault, just as any individual may be subjected to assault when he strikes any other citizen or any other individual.

"So while we are not at liberty to guess the guilt of the defendant, because he hasn't had an opportunity to present his evidence, still the matter should be presented in my opinion, to a jury in a proper case and for the jury to determine as to the guilt or innocence of the defendant herein involved.

"So I say because from the evidence it is clear that Mr. Bassett was acting not in the performance of his official duties, but for his own benefit to get—to protect his own property, so to speak, just to get the name and license number so that in the

event his vehicle—he didn't even know, apparently, at that point whether his truck had been damaged, or his car, but in any event he wanted to get that information for the purpose of just having it in order to maybe recover in the event his car had been damaged.

"So judgment — the motion for judgment of acquittal is granted, and you ladies and gentlemen I thank you for having served as jurors to this extent."

On May 27, 1970, judgment of acquittal was entered.

Eleven months later, on April 27, 1971, an Information charging defendant with a felony, to-wit—assault in the second degree, was filed in Silver Bow County. Defendant did not enter a plea, but submitted to the court a motion to dismiss on the grounds that "prosecution is barred under the laws of the State of Montana and of the Constitutions of the United States and the State of Montana." After a hearing on the motion and the matter briefed for the trial court by both parties, the motion to dismiss was granted.

The only issue before this Court is whether the disposition of the case by the federal court bars the state from filing similar charges in the state court.

Under the fact situation here, the answer must be in the affirmative. The state in its argument refers to the disposition of the case in the federal court as a dismissal. The record in the federal courts shows a judgment of acquittal. The state would have this Court take the position that the reason the case was filed in the state court is that the federal court lacked jurisdiction. The record in the federal court is to the contrary. Here, an indictment was returned in the federal district court; defendant was arrested; he appeared and entered a plea of not guilty. At this point the question of jurisdiction did not arise for obviously the federal court did feel it had jurisdiction.

What the United States district attorney's office failed to prove was that Bassett was acting in his official capacity when the assault occurred; that failure, not, as it argues here, a failure of jurisdiction, was fatal. Defendant was in jeopardy and noth-

344

ing can breathe new life into a criminal action against him in the state courts.

Here, in the federal court defendant was charged with assaulting Fred J. Bassett, an agent of the FBI, engaged in and on account of the performance of his official duties. The charge in the state court was "second degree assault". The difference in the wording of the two charging documents does not change the fact that the charge arose out of the "same transaction". State v. McDonald, 158 Mont., 307, 491 P.2d 711.

Those who had to make the decision into which court or jurisdiction they would bring the case had a choice—state or federal. Having elected to proceed in the federal court, whatever the motive, and the defendant having been acquitted there, they can not now have another try—at the expense of defendant.

The decision of the trial court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES HASWELL, DALY and CASTLES concur.