[Crim. No. 16902. In Bank. Mar. 28, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
VERCIL LEON BELCHER, Defendant and Appellant.

**COUNSEL**

Paul R. DePasquale, under appointment by the Supreme Court, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, Joyce F. Nedde, Eugene Kaster and W. Eric Collins, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SULLIVAN, J.**—Defendant Vercil Leon Belcher was charged by amended information with two counts (first and second counts) of robbery (Pen. Code, § 211) and one count (third count) of assault with a deadly weapon and by means of force likely to produce great bodily injury. (Pen. Code, § 245, subd. (a)).[1] The amended information also charged that at the time of the commission of said offenses defendant was armed with a deadly weapon. A jury found him guilty as charged and determined that the robberies were of the first degree. (§ 211a.) Defendant was sentenced to state prison for the term prescribed by law. He appeals from the judgment of conviction.

On the evening of October 28, 1970, Arthur Johnson, a federal narcotics agent, and James Norton, an undercover agent of the Oakland Police Department, made arrangements for a narcotics purchase. As agreed upon, they were picked up at a specified address by a man named "Joe" driving a Cadillac automobile to be taken to the place of purchase. Joe was accompanied by a passenger in the front seat whom the officers later identified as defendant. The agents entered the car and sat in the rear seat.

A short time later, the driver stopped the car at a place where ostensibly the purchase was to be made. After inquiring as to the money, the driver produced a sawed-off shotgun and defendant an automatic pistol. Agent Johnson was forced to hand over to them $400 in federal funds; both agents were forced to surrender their wallets. The robbers then drove away.

On the first day of trial, before the prospective jurors were examined, defendant moved to dismiss the information on the ground of prior jeopardy, specifying no statutory basis therefor. In essence, the basis of his motion was that he had been tried on, and acquitted of, substantially similar charges in the United States District Court for the Northern District of California arising out of the incident involving Federal Agent Johnson. In support of the motion, defendant presented to the court certified copies of the federal indictment and of the judgment of acquittal.[2] The trial judge pointed out

---

[1] Hereafter, unless otherwise indicated, all section references are to the Penal Code.

[2] These documents were not made a part of the record at trial. However, in his appeal, defendant has provided us with certified copies of the federal indictment and judgment. Since these documents are records of a court of the United States (Evid. Code, § 452, subd. (d)), we take judicial notice of them. (Evid. Code, § 459, subd. (a).)

The indictment charged that "[o]n or about October 28, 1970, in the City of Oakland, County of Alameda, State and Northern District of California, VERGIL [sic] L. BELCHER AND WALTER L. SHEETS, defendants herein, did unlawfully and forcibly

that the federal indictment charged an assault on Johnson committed with a sawed-off shotgun but that the amended information charged defendant as having been armed with an automatic pistol. Defendant argued in response that both charges were nevertheless based on the same event of October 28, 1970. The court denied the motion without prejudice on the ground that the documents presented to it did not show that the federal and state offenses involved the same offense or transaction.

Defendant's defense was alibi. The jury found him guilty on all three counts and also found that at the time of the commission of all three offenses he was armed with a deadly weapon and that in their commission he used a firearm.

Defendant's principal contention is that his conviction was obtained in violation of his constitutional right to the effective assistance of counsel. This contention is based on the charge that his court-appointed counsel at trial (who is not his present counsel) failed to properly assert the defense of former acquittal.

In *In re Saunders* (1970) 2 Cal.3d 1033, 1041-1042 [88 Cal.Rptr. 633, 472 P.2d 921], we said: "The constitutional right to the assistance of counsel in a criminal case [citations] includes the guarantee that such assistance be 'effective.' [Citations.] That 'effective' counsel required by due process, however, is not *errorless* counsel; rather, it is counsel 'reasonably likely to render, *and rendering* reasonably effective assistance.' [Citations.]

"Although the determination of whether the demands of due process have been met in a particular case is always 'a question of judgment and degree' to be answered in light of all of the circumstances and with a view to 'fundamental fairness' [citations], certain general standards have evolved for the aid of the court making this determination. Fundamental among

---

assault, oppose, intimidate and interfere with Special Agent Arthur A. Johnson, of the Bureau of Narcotics and Dangerous Drugs, while Agent Johnson was engaged in and on account of the performance of his official duties, and in commission of such acts defendants used a deadly or dangerous weapon, to wit, a sawed-off shotgun."

The judgment stated merely that on March 2, 1971, a jury found defendant not guilty of the offense charged—assault with a deadly weapon upon a federal agent (18 U.S.C. § 111).

Defendant has attached to his brief on appeal and directs our attention to an affidavit of an assistant federal public defender who represented him in the federal criminal proceedings. However, since the affidavit was not presented to the trial court and incorporated into the trial record, we cannot consider it on appeal. (*People v. Merriam* (1967) 66 Cal.2d 390, 396-397 [58 Cal.Rptr. 1, 426 P.2d 161].) He also requests us to consider the affidavit as additional evidence on appeal under rule 23(b) of the California Rules of Court. We decline to do so.

these is that which places upon counsel the duty to conduct careful factual and legal investigations and inquiries with a view to developing matters of defense in order that he may make informed decisions on his client's behalf both at the pleading stage [citations] and at trial [citations]. If counsel's 'failure [to undertake such careful inquiries and investigations] results in withdrawing a crucial defense from the case, the defendant has not had the assistance to which he is entitled.' [Citations.]" (Fn. omitted; original italics.)

In the instant case defendant's counsel failed to advise him to enter a plea of former acquittal (§ 656); defendant's failure to do so, as with other pleas of former jeopardy (see *In re Harron* (1923) 191 Cal. 457, 467-468 [217 P. 728]; *People* v. *Barry* (1957) 153 Cal.App.2d 193, 200 [314 P.2d 531], cert. den., 355 U.S. 956 [2 L.Ed.2d 532, 78 S.Ct. 542]), constituted a waiver of this legal defense. (*In re Lozoya* (1956) 146 Cal.App. 2d 702, 703-704 [304 P.2d 156].) Instead, counsel waited until the first day of trial when he moved to dismiss the information on an unspecified ground of former jeopardy. Neither did counsel request that a plea of former acquittal be ordered *nunc pro tunc* as of the time of the original plea, despite the trial court's denial of his motion without prejudice. (*People* v. *Candelaria* (1957) 153 Cal.App.2d 879, 881 [315 P.2d 386].) If such a plea had merit and counsel's failure resulted "in withdrawing a crucial defense from the case, the defendant has not had the assistance to which he is entitled. [Citations.]" (*People* v. *Ibarra* (1963) 60 Cal.2d 460, 464 [34 Cal.Rptr. 863, 386 P.2d 487].)

We must determine therefore whether, on the record presented to us, defendant's defense based upon prior acquittal is a "crucial defense" the withdrawal of which reduced his trial to a farce or sham. If indeed defendant was entitled to the defense which he claims should be a bar to his conviction, then the defense was crucial and the failure of counsel to adequately present it must result in reversal of that conviction.

■ We note at the outset that prosecution and conviction for the same act by both state and federal governments are not barred by the constitutional protection against double jeopardy.[3] (*Abbate* v. *United States* (1959)

---

[3]Defendant also contends that the state prosecution should have been objected to as to all three charges under the doctrine of collateral estoppel, now an "established rule of federal law . . . embodied in the Fifth Amendment guarantee against double jeopardy." (*Ashe* v. *Swenson* (1970) 397 U.S. 436, 445 [25 L.Ed.2d 469, 476, 90 S.Ct. 1189].) In *Ashe* the high court stated that the doctrine bars relitigation of the same issue where it appears as a matter of law that a " 'rational jury could [not] have grounded its [general] verdict upon an issue other than that which the defendant seeks to foreclose from consideration.' " (*Id.* at p. 444 [25 L.Ed.2d at pp. 475-476].) In the federal criminal proceedings, defendant apparently testified, as in this case, that

359 U.S. 187, 194-195 [3 L.Ed.2d 729, 733-734, 79 S.Ct. 666]; *Bartkus* v. *Illinois* (1959) 359 U.S. 121, 136 [3 L.Ed.2d 684, 694, 79 S.Ct. 676]; *United States* v. *Lanza* (1922) 260 U.S. 377, 382 [67 L.Ed. 314, 317, 43 S.Ct. 141].)[4] This rule, however, does not preclude a state from providing greater double jeopardy protection than the United States Supreme Court has determined to be available under the Fifth Amendment of the United States Constitution. (*Curry* v. *Superior Court* (1970) 2 Cal.3d 707, 716 [87 Cal.Rptr. 361, 470 P.2d 345].) Accordingly, a number of states have adopted statutes which provide at least some protection against successive prosecutions in different jurisdictions for offenses arising out of the same act. (Model Pen. Code, § 1.11, com., p. 61 (Tent. Draft No. 5, 1956) [list of state statutes].)

The relevant statute in California is Penal Code section 656, which provides: "Whenever on the trial of an accused person it appears that upon a criminal prosecution under the laws of another state, government, or country, founded upon the *act or omission* in respect to which he is on trial, he has been acquitted or convicted, it is a sufficient defense." (Italics added.)

It is important to keep in mind the scope of protection provided by this section. Section 656 establishes a bar to a state criminal proceeding after a conviction or acquittal in another jurisdiction of a charge involving the same act or omission. Thus it provides some protection against successive prosecutions in separate jurisdictions where, because of the *Lanza-Bartkus-Abbate* rule, constitutional protections are absent.

To be distinguished from the above section is the proscription against multiple prosecutions under section 654.[5] The latter section, which pro-

---

he was attending a party at the time the crimes were committed; thus he asserts that the identity of the culprit may not be relitigated since his acquittal in the federal prosecution necessarily implies that the jury believed his alibi defense. However, to decide the issue presented under *Ashe*, we are required to examine the record of the prior proceeding. (*Ashe* at p. 444 [25 L.Ed.2d at pp. 475-476].) Not having the benefit of the record of the federal criminal proceedings, we are not able to determine if defendant's presence at the scene of the crime was the only "rationally conceivable issue in dispute." (*Id.* at p. 445 [25 L.Ed.2d at p. 476].)

[4]"The *Bartkus* and *Abbate* cases have been soundly criticized by the commentators." (Fn. omitted.) (LaFave & Scott, Criminal Law (1972) p. 115.) For a favorable evaluation of the rule of these cases, see L. Miller, Double Jeopardy and the Federal System (1968).

[5]Section 654 proscribes both multiple punishment and multiple prosecution in certain instances. It provides in relevant part: "An act or omission which is made punishable in different ways by different provisions of this Code may be punished under either of such provisions, but in no case can it be punished under more than

hibits multiple punishment (*Neal* v. *State of California* (1960) 55 Cal.2d 11, 19 [9 Cal.Rptr. 607, 357 P.2d 839], cert. den., 365 U.S. 823 [5 L.Ed. 2d 700, 81 S.Ct. 708]) as well as multiple prosecution (*Kellett* v. *Superior Court* (1966) 63 Cal.2d 822, 827 [48 Cal.Rptr. 366, 409 P.2d 206]), does not apply in the context of successive prosecutions in separate jurisdictions. (*People* v. *Williams* (1971) 18 Cal.App.3d 925, 928-929 [96 Cal.Rptr. 291].) There exists good reason for declining to apply section 654 to successive federal and state prosecutions. (See Model Pen. Code, § 1.11 (Tent. Draft No. 5), com., at p. 60.) Under the section, all offenses in which the same act or course of conduct plays a significant part must normally be prosecuted in a single proceeding, unless joinder is prohibited or severance permitted for good cause. (*Kellett* v. *Superior Court, supra,* 63 Cal.2d 822, 827.) This rule is based on the assumption that the state has the opportunity to charge all offenses that may arise out of a single course of criminal conduct. Clearly, the assumption cannot be made where, as here, one of the prosecutions occurred in another jurisdiction.

 Having made these preliminary observations, we now turn to the application of section 656 to the facts of this case. There is no question that, in the words of the statute, defendant "has been acquitted" or that the acquittal came "upon a criminal prosecution under the laws of another . . . government," namely, that of the United States. The sole issue raised by defendant's argument is whether his former acquittal in the federal court of the charge of assault with a deadly weapon upon a federal officer is a "sufficient defense" to the instant charges because it is founded upon the same "act or omission." Thus, we are called on for the first time to construe the words "act or omission" as they are used in section 656.[6]

The first case to construe section 656 was *People* v. *Candelaria* (1956) 139 Cal.App.2d 432 [294 P.2d 120]. In that case, defendant asserted that under section 656 his prior conviction in federal court of robbery of a national bank was a bar to his subsequent state conviction for robbery of the same bank. The Court of Appeal agreed. "The physical act or conduct of defendant in taking the money was the same whether the robbery be considered as a federal offense or a state offense. All the acts constituting the state offense were included in the federal offense and were necessary to constitute the federal offense. It is clear that, within the meaning of said section 656, the federal conviction was 'founded upon the act' in

---

one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other. . . ." (See also §§ 687, 1023.)

[6]As the foregoing discussion should make clear, although the terms "act or omission" are also used in section 654, our interpretation given to that section is inapplicable here.

respect to which the defendant was tried in the present case. It appears, as a matter of law, that the previous federal conviction is a sufficient defense in the present case." (*Id.* at p. 440.)

Subsequently, a new information was filed charging Candelaria with the crime of *burglary* arising out of the same transaction, in that he entered the bank with the intent to commit a theft. Relying once again on section 656, he asserted as a defense his prior conviction of robbery in the federal court. This time, however, the Court of Appeal disagreed, holding that section 656 "provides, in effect, that the federal prosecution for robbery is a bar to a further prosecution for the robbery, but not otherwise. The 'act' spoken of in the statute must be 'the same act.' The burglary act complained of in the present case, that is, the entering of the building with the intent to commit a theft, is not the same act complained of in the federal court, namely, that he pointed a gun at the teller and by force and fear compelled her to deliver over to him certain monies." (*People* v. *Candelaria, supra,* 153 Cal.App.2d at p. 884.)

■ These two cases—both involving the same defendant and transaction but charging separate offenses—clearly demonstrate the meaning to be given to the terms "act or omission" as they are used in section 656. Under this section, a defendant may not be convicted after a prior acquittal or conviction in another jurisdiction if all the acts constituting the offense in this state were necessary to prove the offense in the prior prosecution (*People* v. *Candelaria, supra,* 139 Cal.App.2d 432, 440); however, a conviction in this state is not barred where the offense committed is not the same act but involves an element not present in the prior prosecution. (*People* v. *Candelaria, supra,* 153 Cal.App.2d 879, 884.)

■ Under this test, defendant Belcher's conviction on the third count —assault with a deadly weapon upon Officer Johnson—must be reversed. The Attorney General concedes that the state conviction requires proof of the same *acts* by defendant as the federal conviction. Since defendant was acquitted of assault upon Johnson in the federal court, he cannot be convicted for the same assault upon the same person in the subsequent state prosecution.

The Attorney General argues, however, that the federal offense requires proof of an additional *element* which is not required under the state offense—that is, that the assault was made upon a *federal officer*.[7] Therefore,

---

[7]Defendant's federal prosecution was based on the alleged violation of 18 United States Code, section 111, which states: "Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties,

it is urged, the acquittal in the federal court does not preclude, under the aforementioned test, a subsequent state conviction for simple assault with a deadly weapon.

A similar argument was rejected in *People* v. *Candelaria, supra,* 139 Cal.App.2d at page 440. As the court there stated, "[t]he only additional element involved in the federal prosecution was that the money belonged to a national bank whose deposits were federally insured. That additional element, regarding the status of title to or insurance on the money, pertained to the matter of jurisdiction of the federal court, and it did not pertain to any activity on the part of defendant in committing the robbery. The physical act or conduct of defendant in taking the money was the same whether the robbery be considered as a federal offense or a state offense." Similarly, in this case, conviction of the federal offense required proof of no additional *act* on the part of defendant; it merely required proof of the status of the victim for jurisdictional purposes.[8] Thus, under the test outlined above, section 656 is a sufficient defense to the charge of assault with a deadly weapon upon Officer Johnson set forth in the third count of the amended information.[9]

■ However, when we apply the test of section 656 to defendant's conviction upon the first and second counts—robbery of Johnson and robbery of Norton, respectively—we reach a different result. A conviction for each of these offenses requires at the very least proof of an important additional act by defendant—the "taking of personal property in the possession of another" (§ 211)—that need not be proved to establish the federal offense of assault with a deadly weapon upon a federal officer. Accordingly, the convictions of first degree robbery under the first two counts are not convictions founded upon the same act or omission for

---

shall be fined not more than $5,000 or imprisoned not more than three years, or both.

"Whoever, in the commission of any such acts uses a deadly or dangerous weapon, shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

The "person[s] designated in section 1114" include "any officer or employee of . . . the Bureau of Narcotics and Dangerous Drugs . . . ." (18 U.S.C. § 1114.)

[8]In both *United States* v. *Kartman* (9th Cir. 1969) 417 F.2d 893, 894 and *McEwen* v. *United States* (9th Cir. 1968) 390 F.2d 47, 50, cert. den., 392 U.S. 940 [20 L.Ed. 2d 1400, 88 S.Ct. 2319], it was held that knowledge by the defendant that the victim of an assault is a federal officer is not an element of the crime. The reference in the federal statute (18 U.S.C. § 111) to persons of official status has as its purpose "simply to provide a federal forum when [an offense is] committed against federal officers engaged in the performance of federal duties." (*Kartman* at p. 895.)

[9]Accord: *State* v. *LeCoure* (1971) 158 Mont. 340 [491 P.2d 1228]; *People* v. *Lo Cicero* (1964) 14 N.Y.2d 374, 379 [251 N.Y.S.2d 953, 956; 200 N.E.2d 622 at p. 624]; *People* v. *De Sisto* (1961) 27 Misc.2d 217 [214 N.Y.S.2d 858, 877-878]; *People* v. *Parker* (1941) 175 Misc. 776 [25 N.Y.S.2d 247, 252-253].

which defendant was acquitted in federal court, and these convictions must stand.[10]

In sum, we hold that defendant was denied the constitutional right to effective assistance of counsel, since his court-appointed counsel failed to adequately assert the defense of former acquittal, which resulted in defendant's conviction of assault with a deadly weapon despite the defense afforded by section 656. Thus, the conviction on that count must be reversed. We further hold that the inadequacy of counsel did not result in a withdrawal of a crucial defense as to the two robbery counts, since the prior acquittal does not bar these convictions under section 656. Thus, the convictions under counts one and two are affirmed.

Finally, defendant contends that as to the first and second counts it is improper for the abstract of judgment to recite that he was armed at the time of the commission of these offenses.[11] The abstract states that defendant "was armed and used a deadly weapon" in the commission of the offenses. The jury made such a finding as to each count upon which defendant was convicted. Defendant argues that since the fact of being armed is essential to his conviction of first degree robbery (§ 211a), the finding that he was armed cannot be used to increase his minimum term (§ 3024)[12] or to augment his sentence (§ 12022).[13] (*People* v. *Floyd* (1969) 71 Cal.2d 879, 883 [80 Cal.Rptr. 22, 457 P.2d 862]; *People* v. *Hogan* (1969) 71 Cal.2d 888, 893 [80 Cal.Rptr. 28, 457 P.2d 868].) Therefore, he argues, the statement in the judgment that defendant was armed should either be stricken or the recitation must specifically exclude application of sections 3024 and 12022. We agree. (See also *People* v. *Williams* (1970) 2 Cal.3d 894, 910-911 [88 Cal.Rptr. 208, 471 P.2d 1008], cert. den., 401 U.S. 919 [27 L.Ed.2d 821, 91 S.Ct. 903].)

---

[10]We are mindful that the same result could not obtain if both prosecutions had occurred within this state. Under the rule of *Kellett,* discussed *supra,* it is doubtful that the three counts could have been tried separately. Even if tried together, application of the *Neal* rule would probably preclude separate punishment for both the assault and the robbery of Johnson. However, as we have already pointed out, the Legislature has determined that these rules do not apply in the context of this case.

[11]Defendant also makes this objection with respect to count three and as to that count makes an additional attack on an allegedly improper recital in the abstract of judgment. Since we reverse the judgment of conviction as to count three, we deem it unnecessary to dispose of these additional objections.

[12]Section 3024, subdivisions (a) and (b), prescribe certain minimum terms of imprisonment for offenders armed with a deadly weapon.

[13]Section 12022 prescribes certain additional terms of imprisonment for persons who commit or attempt to commit a felony while armed with a deadly weapon. This additional term "shall commence upon the expiration or other termination of the sentence imposed for the crime of which [the defendant] is convicted and shall not run concurrently with such sentence."

The Attorney General concedes the correctness of defendant's argument. However, he argues that the judgment properly recited that defendant "*used* a deadly weapon" (italics added) at the time of the commission of the offenses charged. He is partially correct in this assertion.

In 1969, the Legislature added to the Penal Code, section 12022.5, which prescribes certain minimum additional terms of imprisonment for persons who "use" a firearm in the commission or attempted commission of a robbery, assault with a deadly weapon, murder, rape, burglary, or kidnaping.[14] The Legislature has specifically determined that, unlike subdivisions (a) and (b) of section 3024 and section 12022, section 12022.5 "shall apply even in those cases where the use of a weapon is an element of the offense." (§ 12022.5.) Thus, we have held that "in a proper case, a defendant convicted of robbery in the first degree (by reason of being armed with a deadly weapon, Pen. Code, § 211a) may also be subject to the additional punishment provided in section 12022.5 for using a firearm, despite the holding of such cases as *People* v. *Floyd, supra,* 71 Cal.2d 879." (*People* v. *Najera* (1972) 8 Cal.3d 504, 508 [105 Cal.Rptr. 345, 503 P.2d 1353], and cases cited therein.)

The evidence is without conflict that the defendant here used a firearm in committing the robberies of Norton and Johnson. The use of a firearm in the commission of each offense was specifically charged in the amended information. The trial court instructed the jury as to the meaning of the term "to use a firearm," and the jury specifically found as to each count that the defendant "did use a firearm in the commission of the offense charged."[15] Thus, the trial court could properly include in the judgment a recitation that defendant used a firearm in the commission of the offenses, resulting in the consequences embodied in section 12022.5.[16]

As to the first and second counts, the judgment is modified by striking the following: "and the defendant was armed and used a deadly weapon

---

[14]A first conviction under section 12022.5 results in a minimum additional prison term of five years. "Such additional period of imprisonment shall commence upon expiration or other termination of the sentence imposed for the crime of which he is convicted and shall not run concurrently with such sentence."

[15]Contrast, *People* v. *Najera, supra,* 8 Cal.3d at pp. 509-510, and *People* v. *Spencer* (1972) 22 Cal.App.3d 786, 801 [99 Cal.Rptr. 681], in which the People waived the application of section 12022.5 by failing to take steps at trial to secure verdicts stating the applicability of that section.

[16]We note that the abstract of judgment states that defendant "used a *deadly weapon*" in the commission of the offenses. Section 12022.5 applies only where the defendant uses a *firearm* and not all deadly weapons are firearms. (See § 3024, subd. (f).) However, both the amended information and the jury verdicts correctly stated that defendant used a firearm, and the judgment should also employ this term.

as charged in the 1st and 2nd counts of the Amended Information"; and substituting therefor "and the defendant used a firearm (Pen. Code, § 12022.5), an automatic pistol, in the commission of the offenses. Within the meaning of section 1203 only of the Penal Code, defendant was armed with a deadly weapon at the time the offenses were committed."[17] As to the third count (§ 245) the judgment is reversed and the cause is remanded to the trial court with directions to dismiss the charge. In all other respects the judgment is affirmed.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Burke, J., and Clark, J., concurred.

---

[17]In *People* v. *Floyd, supra,* 71 Cal.2d 879, 883, we held that subdivisions (a) and (b) of section 3024 and section 12022 are clearly inapplicable to offenses, such as first degree robbery, where the fact of being armed is essential to conviction. However, we went on to hold that a finding that defendant was armed at the time of the commission of the robbery is proper for the purposes of section 1203, pertaining to probation. (*Id.* at pp. 883-884.) See also *People* v. *Najera, supra,* 8 Cal.3d at p. 508; *People* v. *Williams, supra,* 2 Cal.3d at pp. 910-911.) Accordingly, the judgment mentions the fact that defendant was armed solely for the purposes of section 1203.