[Crim. No. 17451. In Bank. June 24, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
TOMMIE MOORE, Defendant and Appellant.

## COUNSEL

William H. Carney, under appointment by the Supreme Court, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Robert R. Granucci and William D. Stein, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CLARK, J.**—Defendant appeals from judgment entered on jury verdicts convicting him of second degree murder (Pen. Code, §§ 187, 189) and of using a firearm in its commission (Pen. Code, § 12022.5). The judgment is affirmed, but modified.

Early one morning five teenagers drove up to a poolroom in East Palo Alto, the girls remaining in the car while the boys went inside. Returning minutes later, one boy found defendant in the car, requesting a ride. His request refused, defendant got out, drew a pistol, and poked it into the boy's stomach. When one of the girls protested, defendant shot her in the forehead, killing her.

Defendant testified his pistol fired accidentally as he struggled to keep it from two men who attacked him.

■ Contending the evidence is insufficient to support a second degree murder conviction, defendant argues the jury's request for clarification of the implied malice instructions somehow reveals it rejected the "prosecution version" of the shooting. But no such inference may be drawn from the jury request. The evidence was sufficient to support a verdict predicated on a finding of either express or implied malice. (See *People* v. *Poddar* (1974) 10 Cal.3d 750, 754-757 [111 Cal.Rptr. 910, 518 P.2d 342].)

■ Defendant further contends the judgment should be modified inso-, far as it recites he was armed with a deadly weapon (Pen. Code, § 12022) and used a firearm (Pen. Code, § 12022.5) in committing the murder. Defendant was not charged with, nor was the jury instructed as to these offenses. In fact, the "armed" issue was not even submitted to the jury. Therefore, the judgment is modified by striking the findings that defendant was armed with a deadly weapon and used a firearm within the meaning of Penal Code sections 969c, 3024, 12022, and 12022.5. (*People* v. *Najera* (1972) 8 Cal.3d 504, 508-512 [105 Cal.Rptr. 345, 503 P.2d 1353]; *People* v. *Ford* (1964) 60 Cal.2d 772, 794 [36 Cal.Rptr. 620, 388 P.2d 892]; *People* v. *Spencer* (1972) 22 Cal.App.3d 786, 801-802 [99 Cal. Rptr. 681]; cf. *People* v. *Belcher* (1974) *ante,* pp. 91, 102, fn. 15 [113 Cal.Rptr. 1, 520 P.2d 385].)

The judgment as modified is affirmed.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.