Filed 3/25/13  P. v. Cortes CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B239895 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA027770) |
| v. | |
| ROMAUALDO AGUILAR CORTES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Laura F. Priver, Judge.  Affirmed as modified.

Johanna R. Shargel, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Lawrence M. Daniels and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \*

We affirm appellant Romaualdo Aguilar Cortes's conviction for voluntary manslaughter and modify his conduct credits. On appeal, appellant argues the information charging him with murder should have been dismissed because he previously was "convicted of murder in a Mexican court, and served time." Appellant's argument lacks merit because insufficient evidence supports his statement that he suffered a conviction in Mexico based on the same conduct underlying his California conviction. Appellant failed to provide a judgment or minute order indicating he was convicted of any offense in Mexico and therefore failed to satisfy his burden of demonstrating a foreign conviction. We affirm.

## FACTS AND PROCEDURE

Evidence at appellant's preliminary hearing showed that on September 29, 1990, appellant, his brother, and Jorge Silverio were together in Los Angeles. Silverio insulted appellant and may have put appellant in a headlock. Appellant stabbed Silverio in the chest with a knife. The next day, appellant fled to Mexico. Silverio died of one stab wound to the chest.

On May 12, 2011, back in Los Angeles, appellant was charged with one count of murder. The People alleged appellant killed Silverio unlawfully and with malice aforethought. Appellant moved to dismiss the case because, according to him, under Penal Code former section 656, he could not be prosecuted for an act for which he previously had been convicted in another country. In 1990, section 656 provided: "Whenever on the trial of an accused person it appears that upon a criminal prosecution under the laws of another state, government, or country, founded upon the act or omission in respect to which he is on trial, he has been acquitted or convicted, it is a sufficient defense."[1]

---

[1] Penal Code section 656 currently provides: "Whenever on the trial of an accused person it appears that upon a criminal prosecution under the laws of the United States, or of another state or territory of the United States based upon the act or omission in respect to which he or she is on trial, he or she has been acquitted or convicted, it is a sufficient defense."

2

Our record demonstrates a penal action against appellant was started in Mexico and transferred to a juvenile court there. An investigation was conducted into Silverio's death and appellant was "presumed" responsible. The criminal complaint concerned appellant's "probable responsibility in the commission of the crime of homicide." (Capitalization omitted.) Appellant served "a year of corrective treatment" in Mexico. He "successfully completed the treatment imposed."

The court denied appellant's motion to dismiss. The People amended the information to add a count of voluntary manslaughter. Appellant then pled no contest to voluntary manslaughter. Appellant was sentenced to 11 years in state prison, and as subsequently corrected was awarded 1,449 total credits, which included 1 year 3 months appellant claimed to have served for murder or homicide in Mexico. The court issued a certificate of probable cause for the instant appeal.

## DISCUSSION

Appellant argues that under Penal Code former section 656, he cannot be punished in California because he was "convicted of murder in a Mexican court" and served time there for that crime. Section 656 provides "'greater double jeopardy protection than the United States Supreme court has determined to be available under the Fifth Amendment of the United States Constitution.' [Citation.]" (*People v. Homick* (2012) 55 Cal.4th 816, 838 (*Homick*).) The double jeopardy clause protects "against the imposition of multiple *criminal* punishments for the same offense" in successive proceedings. (*Hudson v. United States* (1997) 522 U.S. 93, 99.) The current version of section 656 does not include a defense for convictions suffered in foreign countries, and appellant argues the former version of that statute applies, which we assume to be true for purposes of this appeal only.

"[Penal Code] section 656 applies when the *physical conduct* required for the California charges has previously been the subject of an acquittal or conviction in another jurisdiction, regardless of whether the two charges have different requirements as to intent or other nonact elements." (*Homick, supra,* 55 Cal.4th at p. 840.) Section 656 does not apply if "'the offense committed is not the same act but involves [conduct] not present in the prior prosecution.' [Citation.]" (*Homick,* at p. 843.) Applying these

3

principles, our Supreme Court has concluded that the lying-in-wait special circumstance requires proof of conduct additional to that required in a federal statute under which the defendant was convicted of traveling between states to commit a murder for hire, which resulted in death. (*Id*. at p. 844.) Our high court also held an acquittal for assault on a federal officer barred state prosecution for assault but did not bar state prosecution for robbery. (*People v. Belcher* (1974) 11 Cal.3d 91, 100 (*Belcher*).) In contrast to the assault, the robbery prosecution required proof of an additional element.

In *Belcher*, the defendant "presented to the court certified copies of the federal indictment and of the judgment of acquittal." (*Belcher, supra,* 11 Cal.3d at p. 94.) Based on these certified documents and tracking the language of section 656, the court found "no question that, . . . defendant 'has been acquitted' or the acquittal came 'upon a criminal prosecution under the laws of another . . . government,' namely that of the United States." (*Belcher,* at p. 98.) Thus, in *Belcher*, the defendant satisfied his burden of demonstrating that in federal court he had been acquitted of assaulting a federal officer.

In contrast, our record is insufficient to determine whether the same conduct underlies appellant's California murder charge and the claimed conviction in Mexico. There is no document identifying charges against appellant. There is no document showing appellant was convicted of a crime or pled guilty to any crime. No official document identifies the elements of the crime for which appellant was allegedly convicted. There is no minute order or judgment. Although there is evidence appellant may have been charged with homicide during a fight, no document shows he was convicted of that offense. Because appellant presented no substantial evidence that he suffered a foreign conviction "founded upon the act or omission" underlying his California murder charge, appellant fails to carry his burden of demonstrating a foreign conviction on the conduct underlying his California charge. Penal Code former section 656, assuming it is applicable, provides appellant no defense.[2]

---

[2] In his supplemental brief, appellant argues his trial counsel's representation that he had been convicted of homicide during a fight is sufficient to demonstrate such Mexican conviction. Appellant cites authority in which the court relied on representations based

4

Finally, the parties dispute whether appellant was entitled to custody credits for the time he received "corrective treatment" in Mexico. (*People v. Cartwright* (1995) 39 Cal.App.4th 1123, 1140 [custody credits may be amended at any time].) Appellant argues that he was entitled to such treatment because the double jeopardy clause requires that "criminal punishment be authorized 'only once "for the same offense"'" and that principle "applies equally to juveniles and adults." Appellant's argument lacks merit because he has not shown he served time "for the same offense." As noted, appellant failed to carry his burden of demonstrating he was convicted in Mexico of killing Silverio. Therefore, the credits must be modified to reflect 522 days of custody credit, plus 260 days of conduct credit.[3] The corrected presentence credit is 782 days.

## DISPOSITION

The judgment is modified to reflect 782 days of presentence credit and in all other respects is affirmed.

FLIER, J.

We concur:

BIGELOW, P. J.          RUBIN, J.

_____

on counsel's personal knowledge of what counsel saw on a juror's notebook and counsel's assessment of a defendant's ability to represent himself. (See, e.g., *People v. Wolozon* (1982) 138 Cal.App.3d 456, 460; see also *People v. Clark* (2011) 52 Cal.4th 856, 971.) We need not determine whether a declaration by one with personal knowledge of appellant's alleged conviction would have been sufficient as no such declaration was presented in this case.

[3]    Appellant was arrested on October 1, 2010. He was sentenced on March 5, 2012. The restrictions in Penal Code section 2933.2 are inapplicable to this case. (*People v. Cooper* (2002) 27 Cal.4th 38, 40, fn. 2.) The conduct credit was calculated "'"by dividing the number of days spent in custody by four and rounding down to the nearest whole number. This number is then multiplied by two and the total added to the original numbers of days spent in custody. . . ."'" (*People v. Philpot* (2004) 122 Cal.App.4th 893, 908, citations omitted.)

**People v. Cortes**
**B239895**

**RUBIN, J., Concurring**

I concur in the majority opinion, which I have signed, but write separately to express concern that the state of the record may have forced us to avoid the one issue in this case that was apparently tried in the trial court, an issue that involves significant constitutional and statutory principles of double jeopardy and retroactivity: Does former or present Penal Code section 656 apply to this case? The importance of this question is apparent because under the current version of the statute – the one that the trial court appears to have applied – the Mexican proceedings result only in additional credits for the time served in Mexican custody. (See Pen. Code, § 656.5.) On the other hand, if the former version of the statute is applicable, then the California conviction may be invalid.[1]

We hold the record is unclear as to whether or not the actual charges arising out of the California homicide were fully adjudicated in Mexico. Neither the trial court nor the District Attorney seemed to question that there was a juvenile adjudication in Mexico and that it was based on the California murder. The only question presented in the trial court was which version of the statute applied. The District Attorney was successful in persuading the trial court that the current statute governed and that the Mexico adjudication had only limited effect under Penal Code section 656.5. Tellingly, the

---

[1]     Penal Code former section 656, in effect when the murder occurred, provided: "FOREIGN CONVICTION OR ACQUITTAL. Whenever on the trial of an accused person it appears that upon a criminal prosecution under the laws of another state, government, or country, founded upon the act or omission in respect to which he is on trial, he has been acquitted or convicted, it is a sufficient defense."

Current Penal Code section 656 deletes the reference to foreign country and provides: "Whenever on the trial of an accused person it appears that upon a criminal prosecution under the laws of the United States, or of another state or territory of the United States based upon the act or omission in respect to which he or she is on trial, he or she has been acquitted or convicted, it is a sufficient defense."

1

District Attorney affirmatively asserted in the trial court that defendant was entitled to credit in the California case for the time served in Mexican custody. Such custody credits were awarded by the trial court under section 656.5 which states:

"Any person convicted of a crime based upon an act or omission for which he or she has been acquitted or convicted in another country shall be entitled to credit for any actual time served in custody in a penal institution in that country for the crime, and for any additional time credits that would have actually been awarded had the person been incarcerated in California."

By express words, Penal Code section 656.5 does not apply unless the California crime and the foreign jurisdiction crime are the same.

Nevertheless, I join in the majority because we are shackled in our analysis of the record because it contains only a small portion of the Mexico proceedings translated in English. I surmise that if the entire record of the Mexico proceedings had been translated, there would be no doubt that the adjudication in Mexico qualified under one of either Penal Code former section 656 or present section 656.5, depending on the resolution of that issue. Certainly, everyone in the trial court assumed that one of the two statutes governed. Instead, we conclude that neither section applies and reverse the award of credits under section 656.5 because of a deficient record.

But I reluctantly concede that my surmise is just that, surmise, and the record in its current form does not allow us to go further. It may be that if the case returns to us in the form of a habeas petition with a fully translated record of what took place in Mexico or other admissible evidence, we will be able to address the more serious constitutional and statutory issues that elude us today.

RUBIN, J.

2