Filed 10/3/13  P. v. Cisneros CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>GILBERTO CISNEROS,<br><br>     Defendant and Appellant. | B244950<br><br>(Los Angeles County<br>Super. Ct. No. BA027430) |

APPEAL from an order of the Superior Court of the County of Los Angeles, Barbara R. Johnson, Judge.  Affirmed.

Rene A. Ramos for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Zee Rodriguez and David E. Madeo, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

In November 1990, defendant and appellant Gilbert Cisneros (defendant) pleaded nolo contendere to one count of possession of cocaine for sale and was placed on probation.[1]  Almost twenty-two years later, in August 2012, defendant filed a motion to vacate his judgment of conviction and withdraw his plea (motion to vacate) under Penal Code section 1016.5 (section 1016.5).  The trial court denied the motion.  On appeal from the order denying the motion to vacate, defendant contends that the immigration advisement language in the minute order memorializing his plea was insufficient to satisfy the requirements of section 1016.5.

Because the record on appeal did not include the reporter's transcript for the proceeding at which defendant pleaded nolo contendere, following briefing on this appeal, we obtained the reporter's transcript from defendant's earlier appeal from the trial court's order revoking his probation and, on our own motion, we took judicial notice of that transcript.  The reporter's transcript from the earlier appeal included the transcript from the November 1990 proceeding at which defendant pleaded nolo contendere, which transcript affirmatively demonstrates that defendant was adequately advised of the immigration consequences of his plea.

We hold that because the oral immigration advisement given at the proceeding at which defendant pleaded nolo contendere adequately advised defendant of the immigration consequences of his plea, as required under section 1016.5, subdivision (a), the trial court did not abuse its discretion in denying the motion to vacate on the grounds that defendant was adequately advised.  We therefore affirm the order denying that motion.

---

[1]     Approximately two years after defendant's plea, the trial court found that defendant had violated the terms of his probation and sentenced him to prison. Defendant then appealed from the trial court's order revoking his probation.

## FACTUAL AND PROCEDURAL BACKGROUND

An October 18, 1990, minute order reflects that defendant was charged with violating Health and Safety Code sections 11352, subdivision (a) and 11351. That minute order further reflects that at defendant's arraignment hearing, he was advised, inter alia, as follows: "If you are not a citizen, you are hereby advised that a conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission into the United States, or denial of naturalization pursuant to the laws of the United States."

On November 27, 1990, defendant waived his right to jury trial, withdrew his plea of not guilty, and pleaded nolo contendere to a violation of Health and Safety Code section 11352, subdivision (a). The minute order memorializing defendant's guilty plea provided the following concerning the immigration consequences of his plea: "Defendant advised of possible effects of plea on any alien/citizenship/probation/parole status." But, the reporter's transcript from the November 27, 1990, proceeding at which defendant entered his plea reflects that the district attorney orally advised defendant as follows: "Also I have to advise you if you are not a citizen of the United States your plea could cause you to be deported, denied re-entry, or the right to become a naturalized citizen." In response to the oral immigration advisement, defendant stated, "I am. I have a green card." After taking defendant's plea, the trial court made the following findings. "This Court finds that the defendant freely and voluntarily, and with knowledge of the consequence, enters a guilty plea to a violation of section 11352[A] of the Health and Safety Code, [and] that this plea is knowingly and understandingly entered."

On August 7, 2012, defendant filed his motion to vacate pursuant to section 1016.5. The motion was supported by defendant's declaration and several documentary exhibits. In his declaration, defendant asserted, inter alia, that "[w]hen [he] entered [his] plea, [he] was not advised by [his trial] counsel or the [trial] court regarding the immigration consequences of [his] plea. [He] did not know [his] plea could result in deportation, exclusion from admission, and inability to become a naturalized citizen. [¶]

3

Consequently, [defendant] was surprised and distressed when [his immigration] attorney informed [him] that there would be detrimental immigration consequences. [Defendant] had a consultation with immigration attorney, Enrique Arevalo, who informed him that because of the nature of [his] conviction, [he] would not be able to ever adjust [his] immigration status or become a United States citizen. [¶] If [defendant] had known of these dire consequences, [he] would never have accepted the plea. Instead, [he] would have consulted [his trial] attorney about the consequences and exercised [his] right to a jury trial or negotiated a plea without adverse immigration consequences." Defendant further explained that *"[he did] not recall ever receiving any sort of advisement regarding the immigration consequences that would result from [his] plea. If [he] had known of such consequences, [he] would not have accepted [the] plea [bargain]. Thus, [he] did not knowingly and intelligently enter [his] plea."* (Italics added.)

At the hearing on defendant's motion to vacate, the prosecution argued that the immigration advisement language in the minute order reflecting defendant's plea was substantially similar to the language required under section 1016.5, subdivision (a) and therefore demonstrated that defendant had been advised of the immigration consequences of his plea.[2] Defendant's counsel responded by contending that the advisement language in the minute order was inadequate and did not comply with the mandatory immigration advisements contained in that section. The trial court disagreed with defendant's counsel and denied the motion to vacate, thereby impliedly finding that the immigration advisement language in the minute order was sufficient to satisfy the requirements of section 1016.5, subdivision (a). Defendant timely appealed from the order denying his motion to vacate.

Following briefing, we obtained the reporter's transcript from the file in defendant's appeal from the trial court's order revoking his probation—which transcript

---

[2] Because the reporter's notes for the oral proceeding on defendant's plea had been destroyed, the reporter's transcript for that proceeding was not available at the hearing on defendant's motion to vacate.

4

included the November 27, 1990, transcript of defendant's plea—advised the parties that we were taking judicial notice of that transcript, and requested letter briefs from the parties as to the effect, if any, of that transcript on the disposition of this appeal. Thereafter, we also advised the parties of their right to object to the propriety of taking judicial notice of the November 27, 1990, reporter's transcript. In response to our letters, defendant objected to the propriety of our taking judicial notice of the transcript, and each party filed letter briefs addressing the effect of that transcript on this appeal, which objection and letter briefs we have reviewed and considered.

As to defendant's objection to the propriety of this court taking judicial notice of the November 27, 1990, reporter's transcript because it was not before the trial court on his motion to vacate, we reject that objection. "Evidence Code section 452 states in pertinent part: 'Judicial notice may be taken of the following matters . . . (d) Records of . . . (2) any court of record of the United States.' Evidence Code section 459, subdivision (a), permits but does not require a reviewing court to take judicial notice of matters specified in Evidence Code section 452. Although judicial notice is thus permissible in this case, several courts have cautioned against judicially noticing matters that were not before the trial court. '[A]s a general rule the [appellate] court should not take . . . [judicial] notice if, upon examination of the entire record, it appears that the matter has not been presented to and considered by the trial court in the first instance.' (*People v. Preslie* (1977) 70 Cal.App.3d 486, 493 [138 Cal.Rptr. 828]; *People v. Meza* (1984) 162 Cal.App.3d 25, 33 [208 Cal.Rptr. 576] [following *Preslie*]; *DeYoung v. Del Mar Thoroughbred Club* (1984) 159 Cal.App.3d 858, 863 [206 Cal.Rptr. 28] [same]; *People v. Hamilton* (1986) 191 Cal.App.3d Supp. 13, 21-22 [236 Cal.Rptr. 894] [following *Preslie*].) Such a rule prevents the unfairness that would flow from permitting one side to press an issue or theory on appeal that was not raised below. (*Hamilton, supra*, at p. Supp. 22.) [¶] . . [¶] [However,] Evidence Code section 459, subdivision (d), provides certain procedural safeguards when a reviewing court takes judicial notice. (Footnote omitted.) By providing for special rules for situations in which a party seeks judicial notice of information 'not received in open court or not included in the record of the

action' (Evid. Code, § 459, subd. (d)), the Evidence Code clearly contemplates that, at least in some situations, a reviewing court will grant judicial notice even when the information was not presented to the trial court. (See *People v. Belcher* (1974) 11 Cal.3d 91, 94, fn. 2 [113 Cal.Rptr. 1, 520 P.2d 385] [granting judicial notice of matters not made part of the record at trial].)" (*People v. Hardy* (1992) 2 Cal.4th 86, 134.)

In the instant case, we deem it appropriate to take judicial notice of the transcript. It is from the appellate record in an earlier appeal *in the same case*. Moreover, it is the transcript of the proceeding *which is the subject of this appeal*, i.e., the transcript of the proceeding during which defendant initially claimed he was not given the required immigration advisement. Because the transcript is directly relevant to the dispositive issue on this appeal—whether defendant was adequately advised of the immigration consequences of his plea—and because we perceive *no prejudice* to defendant from considering the true facts relating to the subject immigration advisement, we take judicial notice of the transcript.

## DISCUSSION

### A.      Standard of Review

A trial court's ruling on a motion to vacate a plea under section 1016.5 is governed by an abuse of discretion standard of review. (*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 192 (*Zamudio*).) "An order denying a section 1016.5 motion will withstand appellate review unless the record shows a clear abuse of discretion. ([*Zamudio, supra*], 23 Cal.4th [at p.] 192 [96 Cal.Rptr.2d 463, 999 P.2d 686], citing *People v. Shaw* (1998) 64 Cal.App.4th 492, 495-496 [74 Cal.Rptr.2d 915]; see also § 1016.5, subd. (c).) An exercise of a court's discretion in an arbitrary, capricious, or patently absurd manner that results in a manifest miscarriage of justice constitutes an abuse of discretion. (*Shaw, supra*, at p. 496.)" (*People v. Limon* (2009) 179 Cal.App.4th 1514, 1517-1518.)

## B.    Legal Principles

In *Zamudio, supra*, 23 Cal.4th 183, the Supreme Court summarized the requirements of section 1016.5.**3**  "By its terms, section 1016.5 applies whenever, 'after January 1, 1978, the court fails to advise the defendant as required' and 'the defendant

---

**3**     Section 1016.5 provides, in pertinent part:   "(a)  Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant:  [¶]  *If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.*  [¶]  (b)  Upon request, the court shall allow the defendant additional time to consider the appropriateness of the plea in light of the advisement as described in this section.  If, after January 1, 1978, the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States, the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty.  Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement.  [¶] . . . [¶]  (d)  The Legislature finds and declares that in many instances involving an individual who is not a citizen of the United States charged with an offense punishable as a crime under state law, a plea of guilty or nolo contendere is entered without the defendant knowing that a conviction of such offense is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. Therefore, it is the intent of the Legislature in enacting this section to promote fairness to such accused individuals by requiring in such cases that acceptance of a guilty plea or plea of nolo contendere be preceded by an appropriate warning of the special consequences for such a defendant which may result from the plea.  It is also the intent of the Legislature that the court in such cases shall grant the defendant a reasonable amount of time to negotiate with the prosecuting agency in the event the defendant or the defendant's counsel was unaware of the possibility of deportation, exclusion from admission to the United States, or denial of naturalization as a result of conviction.  It is further the intent of the Legislature that at the time of the plea no defendant shall be required to disclose his or her legal status to the court."  (Italics added.)

shows that conviction of the offense . . . may have the consequences' specified therein. (§ 1016.5, subd. (b).)  In such circumstances, section 1016.5 provides that, 'on defendant's motion,' the court 'shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty.'  (*Id*., subd. (b).)  [¶]  Section 1016.5 contains an express statement of the legislative intent underlying the statute.  (§ 1016.5, subd. (d).)  The Legislature was concerned about the 'many instances involving an individual who is not a citizen of the United States charged with an offense punishable as a crime' in which 'a plea of guilty or nolo contendere is entered without the defendant knowing that a conviction of such offense is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.'  (*Ibid.*)  'Therefore,' the Legislature declared, section 1016.5 was enacted 'to promote fairness to such accused individuals by requiring in such cases that acceptance of a guilty plea or plea of nolo contendere be preceded by an appropriate warning of the special consequences for such a defendant which may result from the plea.'  (*Id*., subd. (d).)  (Footnote omitted.)  Partly on the basis of section 1016.5, subdivision (d), some Courts of Appeal have expressly or impliedly engrafted onto section 1016.5 prejudice or diligence requirements—most commonly that the defendant was, in fact, ignorant of potential adverse immigration consequences, or that he would not have pleaded guilty had proper advisements been given.  (See, e.g., *People v. Castaneda* (1995) 37 Cal.App.4th 1612, 1617-1622 [44 Cal.Rptr.2d 666]; *People v. Murillo* (1995) 39 Cal.App.4th 1298, 1305 [46 Cal.Rptr.2d 403]; *People v. Aguilera* (1984) 162 Cal.App.3d 128, 130-132 [208 Cal.Rptr. 418].)"  (*Zamudio, supra*, 23 Cal.4th at pp. 193-194.)

### C.    Analysis

Section 1016.5 requires advisements as to three distinct immigration consequences—deportation, exclusion from admission, and denial of naturalization.  The consequence which defendant claims to have suffered is denial of naturalization.

As noted, the record of the oral proceedings on the entry of the plea was not available to the trial court at the hearing on the motion to vacate. As also noted, however, the reporter's transcript for that proceeding on the plea is now part of the record on appeal. Contrary to defendant's assertion that he did not receive an immigration advisement, it appears that defendant was adequately advised about the immigration consequences of his plea. Therefore, his motion to vacate had no merit from the outset.

For the first time on appeal, defendant argues in his letter brief that the transcript of the November 27, 1990, proceeding at which he pleaded nolo contendere raises a factual issue as to whether he understood that the oral advisement applied to him and, therefore, whether he knowingly and voluntarily entered his plea. He bases this argument on his response to the oral immigration advisement in which he informed the trial court that he was a citizen and that he had a green card. According to defendant, his response shows that he misunderstood the legal significance of a green card and, based on that misunderstanding, considered himself a citizen to whom the immigration advisement did not apply.

Because defendant did not raise this issue in the trial court, and instead argued only that he was not advised of the immigration consequences of his plea, we do not reach this newly raised factual issue on this appeal. (See *Johnson v. Greenelsh* (2009) 47 Cal.4th 598, 603 ["issues not raised in the trial court cannot be raised for the first time on appeal"].) We cannot resolve a factual issue on appeal that must be raised in the first instance in the trial court.

9

## DISPOSITION

The order denying the motion to vacate is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MOSK, J.

I concur

KUMAR, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Turner, P.J., Concurring


I concur in the judgment.

First, I would judicially notice the entire record in the prior appeal of defendant, Gilberto Cisneros, in this case. (*People v. Cisneros* (B075747, Dec. 20, 1993) [nonpub.opn.].) I believe that should occur after providing notice to the parties as required by Evidence Code sections 455, subdivision (a) and 459, subdivision (c) and an opportunity to object. What has happened previously in this case is relevant.

Second, in my view, Judge Barbara R. Johnson denied defendant's motion on delay and reasonable probability of a different result grounds. Her implied findings in this regard were reasonable and must be upheld. (*People v. Gutierrez* (2003) 106 Cal.App.4th 169, 176; *People v. Avila* (1994) 24 Cal.App.4th 1455, 1460; *People v. Goodner* (1990) 226 Cal.App.3d 609, 619.) Thus, the uncontroverted documentary evidence is defendant was advised twice prior to pleading no contest of the immigration consequences of his plea. He was advised at his arraignment and at the time of his plea. This is a third basis for affirming Judge Johnson's order. Those implied findings render moot defendant's new contention he do not knowingly and intelligently waive his rights.

Third, it is now clear defendant filed a misleading declaration concerning the advisement of rights. Defendant's July 12, 2012 declaration cleverly states no advice concerning immigration consequences was given by defense counsel or the court when the plea was entered. As far as it goes, defendant is correct in terms of what is set forth in the reporter's transcript. What defendant's misleading declaration omits is the deputy district attorney is the one who provided the advice concerning immigration consequences. And, as noted, defendant fails to relate he was advised of the immigration consequences when he was arraigned of October 18, 1990.

This pattern of deceit is consistent with defendant's conduct when he arrested on the bench warrant issued December 20, 1991. After remaining at large until November 2,

1992, he appeared in court and had his attorney, Maureen Austin, claim he was not the person named in the arrest warrant. A fingerprint check revealed defendant was lying.

TURNER, P.J.