[Crim. No. 3949. In Bank.—March 17, 1936.]

THE PEOPLE, Respondent, v. THOMAS H. BURKHART, Appellant.

Frederic H. Vercoe, Public Defender, and Richard F. Bird, Deputy Public Defender, for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

CONREY, J.—In the superior court defendant was accused of the crime of violation of section 112 of the California Vehicle Act, a felony, it being specially set forth in the information that on March 7, 1935, he drove an automobile "along and upon a public highway while under the influence of intoxicating liquor". In addition to his plea of not guilty, defendant pleaded that he had previously been convicted of an offense included within the offense here charged, to wit: that in the Justice's Court of El Monte Township "he was, on the 8th day of March, 1935, convicted of the offense of being drunk on a public highway, as defined in County Ordinance No. 1735; defendant further pleads that on the 8th day of March, 1935, in the same court, he was placed in jeopardy for an included offense, that is, included within the one now charged, to wit, that he there entered a plea of guilty to violation of the County Ordinance just mentioned in the plea of former conviction". The court found against defendant on said plea of former conviction, etc., and also found him guilty

of the offense charged in this action. His appeal is from the judgment.

Appellant does not attack the finding of the court that he was guilty of the offense charged in the information. His sole ground of appeal is that his plea of former conviction should have been upheld, on the ground that every element constituting the offense in the justice's court is necessarily an element of the offense charged in the superior court, and therefore that the latter charge included the former.

█ A plea of former conviction sets up an affirmative defense, on which the burden of proof rests upon the defendant. █ It is conceded that the courts do not take judicial notice of the contents of a county ordinance; that the same must be proved. █ At the trial of this case the county ordinance No. 1735, mentioned in defendant's plea, was not introduced in evidence. The only attempt to bring it in was by means of a stipulation tendered by defendant's attorney and accepted by the district attorney. The offered stipulation was "that this defendant, in connection with the transactions here testified to, was charged with and pleaded guilty to the offense of being drunk upon the public highway, as said offense is defined in Ordinance No. 1735 of the County of Los Angeles; the said plea of guilty was entered into by the defendant on the 8th day of March in the Justice's Court, located in El Monte, California. Is that stipulation agreeable? Mr. McCartney: I have the file here. Mr. Bird: Does it state the facts correctly? Mr. McCartney: Drunk in an automobile on a public highway. Mr. Bird: I didn't know that was a part of it. Drunk in an automobile on a public highway. I will amend my stipulation to say drunk in an automobile on the public highway if that is agreeable. Mr. McCartney: Yes."

It will be observed that the stipulation covers the charge made in the justice's court and the defendant's plea of guilty, but does not attempt to give the contents of the ordinance. Therefore there is no legal basis for a determination by this court that the offense denounced by the ordinance is included in the offense of violation of section 112 of the California Vehicle Act.

█ If, however, we should ignore the point last stated and assume that the contents of the ordinance were included in the stipulation, and that the language thereof has been cor-

rectly copied into the petition for hearing filed in the Supreme Court, we would find that the offense therein described is not that of being intoxicated on a public highway "in an automobile". If the defendant was in an automobile, that fact was not material to the charge of violation of that ordinance. Therefore, defendant may have plead guilty and presumably did plead guilty in the justice's court only to the offense of *being* in an intoxicated condition on some public highway in the unincorporated territory of the county. This charge is all that the justice's court had before it. There was no trial, but only the complaint and the plea of guilty. It seems perfectly plain and clear that defendant's conviction upon such charge and plea had no relation whatever to the entirely different offense of which he has been convicted in this case, namely, the crime of violation of section 112 of the California Vehicle Act, a felony, committed by *driving an automobile* upon a public highway while under the influence of intoxicating liquor.

For the foregoing reasons this case does not furnish a proper occasion for discussion of the numerous decisions, referred to in the briefs, upon the scope and effect of pleas of former conviction, or of former acquittal, or of former jeopardy, in relation to public offenses.

The judgment is affirmed.

Waste, C. J., Curtis, J., Langdon, J., Seawell, J., and Shenk, J., concurred.