[Crim. No. 39711. Second Dist., Div. Two. Sept. 15, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
GLENNON DEAN WALKER, Defendant and Appellant.

## COUNSEL

Paul T. Suzuki, under appointment by the Court of Appeal, and Richard Katzman for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, William R. Pounders and Robert F. Katz, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

BEACH, J.—Defendant pleaded guilty to robbery (Pen. Code, § 211) and using a gun in the commission of the offense (Pen. Code, §§ 12022.5 and 1203.06, subd. (a)(1)). The trial court sentenced defendant to state prison. Defendant applied for a certificate of probable cause (Pen. Code, § 1237.5), which the trial court granted. This appeal followed. Defendant contends that because he had previously been convicted in Nevada of receiving stolen property, based on traveler's checks taken in an incident which also formed the basis of the present California prosecution for robbery, he was placed twice in jeopardy for the same offense. We reject the contention and affirm the judgment of conviction.

### FACTS:

#### A. *Substantive Offense*

At noon on June 4, 1980, Elizabeth Knauer, an employee of American Express on Riverside Drive in Sherman Oaks, saw defendant point a gun at her colleague Dale Trader. Knauer heard defendant order Trader to give him all the money he had. Knauer then observed Trader handing defendant a bundle of traveler's checks. Knauer believed that

at that time the drawer contained approximately $45,000 in traveler's checks.

After defendant had left, someone activated the alarm. Knauer gave the police a description of defendant, and later selected his photograph from a series of photographs shown to her by the police.

### B. *Nevada Conviction*

On June 5, 1980, one day after the American Express robbery in California, defendant, apparently on the basis of a guilty plea, was convicted in Nevada of receiving stolen property. The conviction was based on defendant's possession of traveler's checks taken from the American Express office on June 4, 1980.

### DISCUSSION:

Defendant contends that because his previous Nevada conviction was based on the same incident giving rise to the California prosecution, he was placed in jeopardy twice for the same offense.

Prosecution and conviction for the same act by two different states are not barred by the Fifth Amendment guarantee against double jeopardy. (*People* v. *Comingore* (1977) 20 Cal.3d 142, 145 [141 Cal. Rptr. 542, 570 P.2d 723].) Of course, a state is not precluded from providing greater double jeopardy protection than that afforded by the federal Constitution under decisions of the United States Supreme Court. (*Ibid.*; *Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592, 601 [119 Cal.Rptr. 302, 531 P.2d 1086]; *People* v. *Belcher* (1974) 11 Cal.3d 91, 97 [113 Cal.Rptr. 1, 520 P.2d 385].)    The applicable California statute is Penal Code section 656,[1] which provides: "Whenever on the trial of an accused person it appears that upon a criminal prosecution under the laws of another state, government, or country, founded upon the *act or omission* in respect to which he is on trial, he has been acquitted or convicted, it is a sufficient defense." (Italics added.) Thus, the question before us is whether the Nevada conviction was a "sufficient defense" to the California charge because it was based on the same "act."

---

[1]To be distinguished from Penal Code section 656 is Penal Code section 654, which proscribes both multiple punishment and multiple prosecution. The latter section does not apply in the context of successive prosecutions in separate jurisdictions. Under the section, all offenses in which the same act or conduct plays a significant part must ordi-

The first case to interpret Penal Code section 656 was *People* v. *Candelaria* (1956) 139 Cal.App.2d 432 [294 P.2d 120]. There the defendant robbed a national bank. That incident led to his conviction for robbery in a federal court. Federal jurisdiction was based on the fact that the national bank's deposits were federally insured. Thereafter, the state prosecuted and convicted the defendant for robbery of the same bank. On appeal, the court held that the federal conviction was a bar to the state prosecution because all the acts constituting the state offense of robbery were necessarily included in the federal offense and were necessary to constitute the federal offense. The only additional element in the federal offense was the fact that the money taken from the bank was federally insured. However, the status of title to or insurance on the money, which provided the federal court with jurisdiction in the case, did not pertain to any activity on the part of the defendant in committing the robbery. (*Id.*, at p. 440.)

Thereafter, a new information was filed charging Candelaria with the offense of *burglary* based on the same incident plus the allegation that he entered the bank with intent to commit a theft. Again, the defendant asserted as a defense his prior federal conviction for robbery. This time, however, the Court of Appeal disagreed, holding that the state offense of burglary, that is, the entering of the building with the intent to commit a theft, was not the same act complained of in the federal court, namely, that he pointed a gun at the teller and by force and fear compelled her to hand money over to him. (*People* v. *Candelaria*, (1957) 153 Cal.App.2d 879, 884 [315 P.2d 386].)

In *People* v. *Belcher, supra*, 11 Cal.3d 91, the defendant on one single occasion assaulted and robbed both a federal agent and a state

---

narily be prosecuted in a single proceeding, unless joinder is prohibited or severance permitted for good cause. "This rule is based on the assumption that the state has the opportunity to charge all offenses that may arise out of a single course of criminal conduct." (*People* v. *Belcher* (1974) 11 Cal.3d 91, 97-98 [113 Cal.Rptr. 1, 520 P.2d 385].) Such an assumption can, of course, not be made when one of the prosecutions occurs in another jurisdiction. (*Id.*, at p. 98.)

Defendant also relies on Penal Code section 793, which provides: "When an act charged as a public offense is within the jurisdiction of another state or country, as well as of this state, a conviction or acquittal thereof in the former is a bar to the prosecution or indictment therefor in this state." The difference in wording between this section and Penal Code section 656 is of no legal significance; neither statute provides greater protection than the other. (*People* v. *Comingore, supra*, 20 Cal.3d 142, 148.)

As to defendant's citation of Penal Code section 733, which was enacted in 1872 and authorized the Governor to revoke the proclamation of insurrection whenever he thought proper, we fail to see its relevance to the instant case. Moreover, it was repealed back in 1905. (Stats. 1905, ch. 350, §§ 2-7.)

agent. After the defendant's acquittal in the federal court for the assault on the federal agent, the state court convicted him of robbery of both agents and assault with a deadly weapon on the federal agent. The California Supreme Court held that the state prosecution for assault with a deadly weapon upon the federal agent was barred under Penal Code section 656 because the same "act" was involved in both the federal and state prosecutions. Citing *Candelaria,* the California Supreme Court held that the jurisdictional fact of the victim's status did not pertain to the defendant's conduct.

However, as to the defendant's convictions for robbery of the federal agent and the state agent, the *Belcher* court held the convictions were proper because they were not founded upon the same act for which the defendant had been acquitted in the federal court. As the court pointed out, a conviction for each of the robberies "requires at the very least proof of an important additional act by defendant—the 'taking of personal property in the possession of another' (§ 211)—that need not be proved to establish the federal offense of assault with a deadly weapon upon a federal officer." (*People* v. *Belcher; supra,* 11 Cal.3d 91, 100.)

In *People* v. *Comingore, supra,* 20 Cal.3d 142, the defendant took the victim's car from her residence in California, without her permission, and drove it to Oregon, where he was apprehended and charged with unauthorized use of a vehicle, to which he pleaded guilty. Thereafter, the defendant was arrested in California and charged with grand theft auto and unlawful driving or taking of a vehicle, based on the same incident that resulted in his Oregon conviction. The California Supreme Court, relying on *Belcher* and *Candelaria* held that the California prosecution was barred because it was based on the same physical act by the defendant which resulted in his Oregon conviction.

The *Comingore* court rejected the People's argument that the California prosecution required an additional element, namely, intent to deprive the car owner temporarily or permanently and held that intent "is an element of a crime or a public offense, not of an act." (*People* v. *Comingore, supra,* 20 Cal.3d 142, 146, 148.)

At bench, the state offense of robbery, that is, defendant's pointing a gun at the American Express employee and by force and fear compelling him to hand over all the traveler's checks he had, was not the same act complained of in the Nevada court, namely, defendant's possession of the checks taken in the American Express robbery. The Nevada stat-

ute under which defendant was charged provides that any person who, by his possession of goods which he knows or should have reason to know were stolen, prevents the owner of the goods "from again possessing his property" shall be punished by state imprisonment. (Nev.Rev.Stat., § 205.275.) Evidence of defendant's possession of the stolen checks would have been insufficient to convict him of the robbery of the American Express office in California. Robbery requires at the very least proof of an important additional act by defendant, namely, the taking of another person's personal property by fear or force (Pen. Code, § 211), which need not be proved to establish the Nevada offense of possession of stolen property. (See *People* v. *Belcher, supra,* 11 Cal.3d 91, 100; *People* v. *Candelaria, supra,* 153 Cal.App.2d 879, 884.)

We conclude that Penal Code section 656 did not bar defendant's prosecution in California for robbery because the evidence required for conviction was founded on acts different from those required for the Nevada conviction of possession of stolen property.

The judgment is affirmed.

Roth, P. J., and Compton, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 2, 1981. Bird, C. J., was of the opinion that the petition should be granted.