[No. G004933. Fourth Dist., Div. Three. July 28, 1988.]

THE PEOPLE, Plaintiff and Appellant, v.
BRADLEY DEL LOVE, Defendant and Respondent.

**[Opinion certified for partial publication.\*]**

---

\* Pursuant to California Rules of Court, rule 976(b), this opinion is certified for publication with the exception of part III.

1506

**COUNSEL**

Cecil Hicks, District Attorney, Maurice L. Evans, Assistant District Attorney, Brent F. Romney and Andrea L. Burke, Deputy District Attorneys, for Plaintiff and Appellant.

Ronald Y. Butler, Public Defender, Frank Scanlon, Assistant Public Defender, Thomas Havlena and Hector M. Chaparro, Deputy Public Defenders, for Defendant and Respondent.

**OPINION**

**SONENSHINE, J.**—Bradley Del Love was charged by amended information with maliciously concealing a minor child from the person having

lawful charge (Pen. Code, § 278)[1] and of concealing or detaining a child in violation of a custody order (Pen. Code, § 278.5).[2] His motion to dismiss the information for lack of reasonable or probable cause (Pen. Code, § 995) was granted. The People appeal.

## I

The only witness testifying at the preliminary hearing was Denise Riebe, Love's former spouse. In 1974, after a contested hearing, Riebe was awarded custody of their three-year-old daughter Tracy Lynn; Love received visitation rights. The dissolution proceedings were not without incident. Both Riebe and Love were cited for contempt, and Riebe prevented Love from visiting Tracy the last two months before the judgment of dissolution became final.

On September 7, 1974, Love arrived at Riebe's home in Buena Park to visit Tracy and agreed to bring her home later that evening. Love did not return the child.

Riebe notified the police department that evening. Later, she went to the district attorney's office; attempting to locate Tracy, she wrote letters, hired private detectives, and telephoned Love's relatives. Riebe's efforts were unsuccessful; she had no communication with her daughter and did not see her again until 1986.

## II

The principles determining whether probable cause supports an information are well settled. ■ "An information will not be set aside or a prosecution thereon prohibited if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it. [Citations.]" (*People* v. *Slaughter* (1984) 35 Cal.3d 629, 637 [200 Cal.Rptr. 448, 677 P.2d 854].) "[A]lthough there must be some showing as to the existence of each element of the charged crime [citation] such a showing may be made by means of circumstantial evidence supportive of reasonable inferences on the part of the magistrate." (*Williams* v. *Superior*

---

[1] Penal Code section 278 provides in pertinent part: "Every person, not having a right of custody, who maliciously takes, detains, conceals, or entices away, any minor child with intent to detain or conceal that child from a person, guardian, or public agency having the lawful charge of the child shall be punished by imprisonment . . . ."

[2] Penal Code section 278.5 provides in pertinent part: "Every person who in violation of the physical custody or visitation provisions of a custody order, judgment, or decree takes, detains, conceals, or retains the child with the intent to deprive another person of his or her rights to physical custody or visitation shall be punished by imprisonment . . . ."

*Court* (1969) 71 Cal.2d 1144, 1148 [80 Cal.Rptr. 747, 458 P.2d 987].) Moreover, every legitimate inference from the evidence must be drawn in favor of the information. (*Ibid.*)

Here, the evidence clearly establishes Love failed to return Tracy in 1974, violating both sections 278 and 278.5. The information, however, alleges the crime occurred "on or about January 1, 1977 to on or about September 7, 1986 . . . ." ■ Thus the issue presented is whether it is reasonable to infer Love was still committing the charged offenses—detaining and concealing the child—three years after he first abducted her.

Love concedes he took the child in 1974, but contends there was no evidence he committed any wrongful act in 1977 or thereafter. We disagree. Normally the disappearance of a child evokes a multitude of horrifying possibilities, and if Tracy had disappeared under other circumstances, such as while shopping or walking to school, Love's responsibility for the abduction would be merely speculative. But Love, who was denied visitation in an apparently acrimonious dissolution, failed to return Tracy after his visitation. It is reasonable to infer he kept Tracy. Subsequent unsuccessful efforts to locate Love and the child, including contacting his relatives, further bolsters the inference Love *continued* to conceal and detain Tracy. In addition, Tracy's age when abducted by Love further belies the argument there was no evidence the crime was ongoing. If Tracy had been 14 when abducted, the inference that Love continued to conceal and detain her would weaken considerably. But in 1977, Tracy was six years old and dependent on adults for care.

The charged crimes cover more than Tracy's abduction; they include detaining or concealing a child over a period of time. The criminal conduct is ongoing and continuous. Indeed, in Penal Code section 279, subdivision (c), the Legislature decreed: "The offenses enumerated in Sections 277, 278 and 278.5 are continous in nature, and continue for so long as the minor child is concealed or detained."

Thus, the circumstances of the abduction, Tracy's age, and Riebe's unsuccessful efforts to locate the child provide the "rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it." (*People* v. *Slaughter, supra,* 35 Cal.3d at p. 637.) Nothing more is required; the evidence presented at the preliminary hearing need not be sufficient to support a conviction. (*Ibid.*)

## III*

Judgment reversed. The superior court is directed to reinstate the information.

Scoville, P. J., and Wallin, J., concurred.

Respondent's petition for review by the Supreme Court was denied September 28, 1988.

---

* See footnote, *ante,* page 1505.