[No. H021290. Sixth Dist. Dec. 20, 2001.]

THE PEOPLE, Plaintiff and Appellant, v.
DRAGISA LAZAREVICH, Defendant and Respondent.

**COUNSEL**

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, René A. Chacón, Bridget Billeter and Nancy Tung, Deputy Attorneys General, for Plaintiff and Appellant.

Jonathan Grossman, under appointment by the Court of Appeal, for Defendant and Respondent.

**OPINION**

**O'FARRELL, J.***—On September 15, 1999, defendant Dragisa Lazarevich was charged by information with two counts of retaining and concealing a minor child (Pen. Code, § 278.5).[1] The information alleged that the violations took place between "October 1, 1989, and June 8, 1995." On February 7, 2000, the trial court concluded that our state did not "maintain jurisdiction" over any of the charged events and therefore granted defendant's motion to dismiss the information "for once in jeopardy." Pursuant to section 1238, subdivision (a)(1), the People appeal from the order setting aside the information based upon lack of jurisdiction and once in jeopardy concerns. They contend the trial court erred by dismissing the information because the trial court properly had jurisdiction over the case and because defendant failed to prove that he was placed once in jeopardy for the same charges for the entire time period in question. For the reasons stated below, we shall reverse the order setting aside the information.

FACTS[2]

Defendant and Shayna Lazarevich married in 1982. They were divorced in May 1989 in Los Angeles County. In the judgment of dissolution, Shayna was given physical custody of their two children and defendant was given visitation rights. In September 1989, Shayna moved from Los Angeles to Santa Cruz.

On September 29, 1989, defendant telephoned Shayna and told her that he was driving from Los Angeles to visit with the children from September 30 through October 1, 1989. He picked up both children the morning of September 30 and was expected to return them to Shayna's home on the evening of October 1, 1989. Defendant never returned with the children.

When Shayna called defendant's neighbor in Southern California, she was told defendant's home had been sold; when she called defendant's employer, she was told defendant had not worked there for several months.

Shayna called the police on the morning of October 2, 1989. Their investigation revealed that defendant, using fraudulently obtained passports, had left the United States with the children and had returned to his home

---

*Judge of the Monterey Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1]All further statutory references are to the Penal Code unless otherwise specified.

[2]Our factual summary is taken from the preliminary hearing transcript as well as from affidavits and documents submitted as evidence in support of the People's opposition to the motion to dismiss.

country of Yugoslavia. The Santa Cruz County District Attorney filed a criminal complaint against defendant and obtained a warrant for his arrest, and the United States Attorney for the Northern District of California instituted proceedings against defendant for unlawful flight to avoid prosecution.

In 1991, Serbian officials began a criminal proceeding against defendant for taking and detaining the children from the lawful custody of their mother in violation of article 116, paragraph 1, of the Criminal Code of the Republic of Serbia. On October 22, 1991, defendant was found guilty and was sentenced to pay a fine or spend seven days in custody if the fine was not paid.

The children were concealed in Serbia[3] until June 7, 1995, when Serbian authorities, acting under the direction of President Milosevic, recovered the children in Yugoslavia. The children were turned over to diplomatic representatives of the United States when American citizens were evacuated before the Kosovo war, and they were reunited with their mother on June 8, 1995.

Defendant eventually was extradited to the United States, and in 1997, he was convicted in federal court of passport fraud. Upon his release from federal custody, he left the United States pursuant to a voluntary deportation. In December 1997, he returned to Santa Cruz and soon thereafter was arrested near Shayna's home. He was prosecuted and convicted of illegal reentry into the United States; while serving his federal sentence on that charge, he made a demand in the instant case pursuant to section 1381. He was arraigned in Santa Cruz County on September 15, 1999.

Thereafter, the superior court granted defendant's motion to dismiss the information "for once in jeopardy" on the ground that "California does not maintain jurisdiction over those events."

### DISCUSSION

■ In his motion to dismiss, defendant claimed his 1992 conviction in Serbia for kidnapping his children serves as a bar to the Santa Cruz County prosecution under the principle of double jeopardy because his conviction in Serbia was based upon the same act as the Santa Cruz County prosecution.

In their opening brief on appeal, the People contended the trial court erred because defendant "failed to sustain his burden of proving a violation of double jeopardy principles."

---

[3]Serbia is a Republic in Yugoslavia. In 1989, Yugolavia still was a unified country consisting of six republics, including Serbia. Kosovo is in the Republic of Serbia.

■ Our state double jeopardy clause, like that of the federal Constitution, provides that a person may not be subjected to a second prosecution for the same offense for which he or she has once been prosecuted and convicted or acquitted. (U.S. Const., 5th Amend.; Cal. Const., art. I, § 15.)

Prosecution for the same act by different sovereigns is not barred by the Fifth Amendment guarantees against double jeopardy, although "a state is not precluded from providing greater double jeopardy protection than that afforded by the federal Constitution . . . ." (*People v. Walker* (1981) 123 Cal.App.3d 981, 984 [177 Cal.Rptr. 147].)

■ Section 793 of our state Penal Code states that "[w]hen an act charged as a public offense is within the jurisdiction of another State or country, as well as of this State, a conviction or acquittal thereof in the former is a bar to the prosecution or indictment therefor in this State." Similarly, section 656 provides that "[w]henever on the trial of an accused person it appears that upon a criminal prosecution under the laws of another State, Government, or country, founded upon the act or omission in respect to which he is on trial, he has been acquitted or convicted, it is a sufficient defense." The difference between sections 793 and 656 "is of no legal significance; neither statute provides greater protection than the other." (*People v. Walker, supra*, 123 Cal.App.3d at pp. 984-985, fn. 1.)

■ To determine whether a defendant has been placed once in jeopardy in another jurisdiction, the trial court must look at the physical elements of each crime. "[A] defendant may not be convicted after a prior acquittal or conviction in another jurisdiction if all the acts constituting the offense in this state were necessary to prove the offense in the prior prosecution [citation]; however, a conviction in this state is not barred where the offense committed is not the same act but involves an element not present in the prior prosecution. [Citation]." (*People v. Belcher* (1974) 11 Cal.3d 91, 99 [113 Cal.Rptr. 1, 520 P.2d 385].) The burden is on the defendant to prove that he or she has been placed in double jeopardy by reason of a prior conviction or acquittal. (*People v. Burkhart* (1936) 5 Cal.2d 641, 643 [55 P.2d 846]; *People v. Ferguson* (1982) 129 Cal.App.3d 1014, 1023 [181 Cal.Rptr. 593]; *People v. Mason* (1962) 200 Cal.App.2d 282, 284-285 [19 Cal.Rptr. 240]; *People v. Vigghiany* (1960) 181 Cal.App.2d 621, 630-631 [5 Cal.Rptr. 501].)

■ In this case, we have taken judicial notice of article 116, paragraph 1, of the Criminal Code of the Republic of Serbia and its English translation. We also have reviewed the English language translation of the judgment of conviction of defendant from the First Municipal Court of Belgrade, dated January 15, 1992.

The judgment indicated that defendant had been convicted of a violation of article 116, paragraph 1 of the Criminal Law of the Republic of Serbia, kidnapping of a minor person. The conviction was based upon the fact that on September 30, 1989, defendant took his children to Yugoslavia during a visitation period and did not return them to their mother.

In English, article 116, paragraph 1, of the Criminal Code of the Republic of Serbia states that "[o]ne who illegally detains an underaged (minor) person, or takes it away from parents, adopter, guardian, institution, or person the child was given in custody of, or prevents the execution of the decision on custody of the minor child, [¶] shall be punished by an one-year sentence."

By supplemental letter brief, the People now concede that, in light of the language found in article 116, paragraph 1 of the Criminal Code of the Republic of Serbia and of section 656 of our state Penal Code, defendant cannot be prosecuted in California for the kidnapping and detention of his children between October 1, 1989, and January 15, 1992, the date of the judgment of defendant's conviction in Serbia "[b]ecause Serbia's kidnapping statute punishes both the taking and retention of [defendant's] children, . . ."

However, the People argue that California has jurisdiction to prosecute defendant for "the concealment and detainment of his children between January 15, 1992, and June 7, 1995," and that such prosecution is not subject to any double jeopardy prohibitions because defendant "continued to conceal his children until 1995 when Serbian officials returned the children to their mother."

A similar argument was made in superior court when the prosecutor stated that, assuming the superior court agreed there was a double jeopardy problem, then the People "would then argue that any acts which occurred after his conviction in Yugoslavia, the People should be allowed to proceed with the prosecution." The court immediately asked defendant's trial counsel for a response for "the contact that took place between 1992 until '95." In reply, defense counsel cited *People v. Gerchberg* (1982) 131 Cal.App.3d 618 [181 Cal.Rptr. 505], in support of his *"jurisdictional* argument" that "California should not reach around the globe to prosecute conduct which is centered in Yugolavia." He argued that "to say that conduct was centered somewhere else would be to ignore the double jeopardy problem here, . . ."

We now consider whether defendant's continued retention of his children in Yugoslavia from January 15, 1992, through June 7, 1995, is a crime over

which California could exercise its legislative jurisdiction and whether, if so, the prohibition against double jeopardy would prohibit such a prosecution.

Section 278.5 punishes "[e]very person who takes, entices away, keeps, withholds, or conceals a child and maliciously deprives a lawful custodian of a right to custody, or a person of a right to visitation." Within the meaning of this statute, " '[k]eeps' or 'withholds' means retains physical possession of a child whether or not the child resists or objects." (§ 277, subd. (g).)

Generally, a person cannot be punished in California for crimes committed outside California unless he or she has committed acts in California amounting to an attempt to commit the crime. (§§ 27, 778; see *People v. Gerchberg, supra,* 131 Cal.App.3d at p. 620.)

However, since 1984, California has provided an exception to the general rule in child abduction cases. "Pursuant to Sections 27 and 778, violation of Section 277, 278, or 278.5 is punishable in California, whether the intent to commit the offense is formed within or without the state, if the child was a resident of California or present in California at the time of taking. . . ." (Former § 279, subd. (e); currently see § 279.)

From this statutory language, the People argue that defendant's "concealment of his children in Serbia between 1992 and 1995, a violation of section 278.5, may properly be punished in California because his children are residents of California, and were present in California when they were taken." Assuming defendant was punished by Serbia for his actions between 1989 and 1992, the People in turn argue that "his continued concealment of the children after 1992 has not been punished, even though his actions are more culpable than, for example, a person who returned the children to their mother after the 1992 conviction. To disallow prosecution of [defendant] for further wrongful acts after 1992 would allow him to escape punishment and thereby receive a windfall for his ability to keep the children concealed for three more years." They argue that the "detention" of defendant's children "was constructively ended by [defendant's] criminal conviction" and that, therefore, his "further commission of a willful continuing-offense crime constituted a new offense which was only completed when the children's physical detention ended."

Although the trial court commented that our state did not "maintain jurisdiction" over any of the charged events when it granted defendant's motion to dismiss the information "for once in jeopardy," we note that "[t]he term 'jurisdiction' is notoriously subject to confusion" (*People v. Simon* (2001) 25 Cal.4th 1082, 1096, fn. 7 [108 Cal.Rptr.2d 385, 25 P.3d 598].)

Here, the parties recognize that section 279 specifically gives California jurisdiction and the singular focus of this appeal is the issue of double jeopardy. For example, by letter brief, defendant concedes that former section 279, subdivision (e) "vests California with jurisdiction for allegedly taking or concealing children because they were residents of California before they were taken, because a parent is a resident in California, or because [defendant] allegedly formed the intent in California." He makes no argument that California lacked jurisdiction over his conduct from 1992 to 1995; instead, he argues that "even if California had jurisdiction for his conduct from 1992 to 1995, double jeopardy still prohibits prosecution in California."

Defendant correctly notes that " '[t]he offenses enumerated in Sections 277, 278, and 278.5 are continuous in nature, and continue for so long as the minor child is concealed or detained.' " (*People v. Love* (1988) 203 Cal.App.3d 1505, 1508 [251 Cal.Rptr. 6].)[4] The People agree, but they maintain that there is nothing about that fact that would prohibit a prosecution for further criminal conduct, of the same type, in which a defendant thereafter elects to willfully engage. They argue that, despite the fact section 278.5 describes an ongoing form of criminal activity, defendant's 1992 Serbian conviction for kidnapping and retaining his children does not prohibit a subsequent prosecution in California for the willful detention and concealment of his children between 1992 and 1995 because such an interpretation of double jeopardy law "would allow a defendant to escape liability and punishment for certain crimes committed after a conviction of a continuing offense," "would reward an abducting parent who is able to successfully conceal his children until after he is criminally convicted of the abduction, and would allow that parent to subsequently detain those children from the victim parent indefinitely without further threat of criminal sanctions," and "would severely limit the deterrence function of the criminal justice system by allowing a defendant to commit a future criminal offense with impunity."

The People contend that the trial court erred by dismissing the information to the extent it charged post-1992 conduct. They claim defendant's "original offense was necessarily 'completed' in 1992, when he was convicted of kidnapping in Serbia." In support of this claim, they argue that, "[a]fter [defendant] was sentenced for the original offense, he returned to his Serbian home and continued to detain and conceal the children in violation of their mother's right to custody. This willful continued act of detaining and

---

[4]Currently, section 279.1, which was added by Statutes 1996, chapter 988, section 9, provides that "[t]he offenses enumerated in Sections 278 and 278.5 are continuous in nature, and continue for as long as the minor child is concealed or detained."

concealing the children constituted the beginning of another offense, an offense which continued until the children were finally recovered in 1995. [Fn. omitted.]"

We agree with the People that the trial court erred by dismissing the information to the extent that it charged conduct between January 15, 1992, and June 7, 1995.

The record reveals that, although defendant was convicted for child abduction and retention of his children in 1992, he continued to detain or keep his children from their lawful custodian after his Serbian conviction until military personnel recovered the children in 1995.

■ The premise that gave rise to the protections guaranteed by the double jeopardy doctrine was "that a defendant should not be twice tried or punished for the same offense." (*United States v. Wilson* (1975) 420 U.S. 332, 339 [95 S.Ct. 1013, 1020, 43 L.Ed.2d 232].) "The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." (*Green v. United States* (1957) 355 U.S. 184, 187-188 [78 S.Ct. 221, 224, 2 L.Ed.2d 199, 61 A.L.R.2d 1119].)

■ Section 1023 bars further prosecution after a defendant has been convicted or acquitted for any offense of which he might have been convicted "under that accusatory pleading." The double jeopardy doctrine was never meant to artificially shield one from future criminal liability for acts that had yet to be committed. Defendant's "act" of retaining and concealing the minor children after 1992 had not occurred when he was prosecuted in January of that year. For example, in *Dapper v. Municipal Court* (1969) 276 Cal.App.2d 816 [81 Cal.Rptr. 340], the court held that conviction in 1967 for maintaining a nuisance did not prohibit prosecuting defendant in 1968 for allowing the same nuisance (trash) to remain on his property.

Where an offense is one that is continuous in nature, the doctrine of double jeopardy forecloses alleging separate offenses for the conduct committed during the period embraced by the indictment (*Ex Parte Nielsen* (1889) 131 U.S. 176 [9 S.Ct. 672, 33 L.Ed. 118]), but not for criminal activity willfully engaged in thereafter. Defendant's unlawful detention of his children between January 15, 1992, and June 7, 1995, is not activity

that was, nor could it have been, embraced within the original Serbian prosecution.

## DISPOSITION

The order setting aside the information is reversed as to the period of time between January 15, 1992, and June 7, 1995.

Bamattre-Manoukian, Acting P. J., and Wunderlich, J., concurred.

A petition for a rehearing was denied January 15, 2002, and respondent's petition for review by the Supreme Court was denied March 13, 2002.