Filed 7/14/15  P. v. Carreon CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065896 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD245606) |
| HECTOR MANUEL CARREON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Lorna A. Alksne, Judge.  Judgment affirmed; remanded for resentencing.

Laura P. Gordon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

The trial court found defendant Hector Carreon guilty of 16 counts of lewd acts on a child, in violation of Penal Code[1] section 288, subdivision (a), based on conduct occurring in 2001 or 2002 in which he sexually assaulted two named victims on three separate occasions. The court sentenced Carreon to 15 years to life on each count, to run consecutively to each other, for a total term of 240 years to life, and ordered the sentence to run concurrently with a sentence imposed in a federal case that arose, in part, from Carreon's possession of a videotape depicting his three assaults on the victims.

On appeal, Carreon argues only one 15-year-to-life term per victim per occasion was permissible under the pre-2006 version of the one strike law (former § 667.61), and therefore the maximum permissible term was 45 years to life.[2] He also asserts California's statutory and constitutional double jeopardy protections barred prosecution and sentencing in the state proceeding because he was already punished for the sexual assaults in the federal proceeding. He finally claims remand for resentencing is necessary because the trial court failed to consider his probation eligibility.

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

[2]     Carreon's opening brief also asserted a 240-year-to-life sentence violated the ban on cruel and unusual punishment. However, because the People have conceded (and we agree) he could not be sentenced to 240 years to life, Carreon withdraws that claim because he acknowledges three consecutive 15-year-to-life terms would not violate the ban on cruel and unusual punishment.

2

# I

## FACTUAL AND PROCEDURAL BACKGROUND

A. Facts

In June 2012, the United States government executed a search warrant on Carreon's home after authorities became aware his home internet connection was involved with child pornography. Agents executed a search warrant on Carreon's home and arrested him. During the search, they found a videotape, depicting Carreon molesting his great-niece (A.), apparently filmed sometime in June 2012.

Three days later, Carreon's wife found additional materials, including a videotape containing three clips depicting "three different scenes," which she turned over to federal agents. In the first clip, which lasted approximately 51 minutes and was filmed in the family home in approximately 2002), Carreon molested a niece (V.) and committed multiple lewd acts against her. These acts formed the basis for the charges contained in counts 1 through 7. In the second clip, lasting approximately 20 minutes and also filmed in the family home in approximately 2001 or 2002, Carreon molested another niece (B.) and committed multiple lewd acts against her. In the third clip, lasting approximately 12 minutes and also filmed in the family home in approximately 2001 or 2002, Carreon again molested B. by committing multiple lewd acts against her. The lewd acts by Carreon against B. depicted in the second and third clips formed the basis for the charges contained in counts 8 through 16. The trial court, as trier of fact, watched the videotape and found Carreon guilty of all 16 counts and all specially alleged facts.

B. The Sentence

The court sentenced Carreon to 15 years to life on each of the 16 counts, to run consecutively to each other, for a total term of 240 years to life. It also ordered the sentence to run concurrently with a sentence imposed in a federal case (*U.S. v. Carreon* (S.D. Cal.) No. 12CR3419-JAH) that apparently arose, in part, from Carreon's possession of child pornography.

II

ANALYSIS

A. The Trial Court Erroneously Imposed 16 Consecutive Terms

Carreon asserts, and the People agree, that under the version of the one strike law in effect at the time of the crimes, our Supreme Court's decision in *People v. Jones* (2001) 25 Cal.4th 98 makes clear the trial court was limited to imposing a single life term for each separate attack, regardless of the number of discrete crimes committed against the victim during that separate attack, because the evidence showed all of the charged offenses occurred "during an uninterrupted time frame and in a single location." (*Id*. at p. 107 ["sex offenses [occur] on a 'single occasion' if they were committed in close temporal and spatial proximity"; held: only single life sentence, rather than three consecutive life sentences, for a sequence of sexual assaults by defendant against one victim occurring during uninterrupted time frame and in single location].) We vacate the sentence and remand the matter for resentencing. On remand, the trial court is authorized to impose one life term under former section 667.61 for any single occasion, and on remand the trial court must determine which counts shall be sentenced pursuant to former

4

section 667.61, and sentencing on other counts shall be imposed as authorized under any other law, including the then-existing section 667.6, if applicable.[3]  (Stats. 1998, ch. 936, § 9, p. 6876.)  (See *People v. Simmons* (2012) 210 Cal.App.4th 778, 797-798.)

B. Sentencing for the Assaults Is Not Barred by California Law

Carreon asserts California's double jeopardy protections barred the present prosecution and sentence because he was punished in the federal action for the same conduct that was the subject of the present prosecution.

*Double Jeopardy Principles*

"Both the United States and California Constitutions provide that a person may not twice be placed in jeopardy for the same offense."  (*People v. Scott* (1997) 15 Cal.4th 1188, 1201.)  Although prosecution for the same act by different sovereigns is not barred by the Fifth Amendment to the United States Constitution guarantee against double jeopardy, states may provide greater double jeopardy protection than is afforded by the federal Constitution.  (*People v. Lazarevich* (2001) 95 Cal.App.4th 416, 421.)  In California, the relevant protections are contained in sections 793 and 656.  (*Lazarevich,* at p. 421.)  Section 793 provides that "[w]hen an act charged as a public offense is within the jurisdiction of the United States, or of another state or territory of the United States, as well as of this state, a conviction or acquittal thereof in that other jurisdiction is a bar to the prosecution or indictment in this state."  Section 656 similarly provides that

---

3      As previously noted (see fn. 2, *ante*), our disposition renders moot Carreon's subsidiary claim that a 240-year-to-life sentence violates the ban on cruel and unusual punishment.  Additionally, our determination that the matter requires remand for resentencing also renders moot Carreon's claim that remand is necessary based on the court's failure to articulate why it did not consider Carreon's eligibility for probation.

5

"[w]henever on the trial of an accused person it appears that upon a criminal prosecution under the laws of the United States, or of another state or territory of the United States based upon the act or omission in respect to which he or she is on trial, he or she has been acquitted or convicted, it is a sufficient defense." "The difference between sections 793 and 656 'is of no legal significance; neither statute provides greater protection than the other.' " (*Lazarevich,* at p. 421, quoting *People v. Walker* (1981) 123 Cal.App.3d 981, 985, fn. 1**.)**

To determine whether a defendant has been placed once in jeopardy in another jurisdiction, the court must consider the physical elements of each crime. (*People v. Lazarevich, supra,* 95 Cal.App.4th at p. 421.) "Construing the words ' "act or omission" ' as they are used in section 656, the Supreme Court in *People v. Belcher* (1974) 11 Cal.3d 91, 99 . . . explained that 'a defendant may not be convicted after a prior acquittal or conviction in another jurisdiction if all the acts constituting the offense in this state were necessary to prove the offense in the prior prosecution [citation]; however, a conviction in this state is not barred where the offense committed is not the same act but involves an element not present in the prior prosecution.' " (*People v. Davis* (2011) 202 Cal.App.4th 429, 437 (*Davis*).)

Ordinarily, it is the defendant's burden to establish the facts demonstrating he or she has been placed in double jeopardy by reason of a prior conviction or acquittal. (*People v. Burkhart* (1936) 5 Cal.2d 641, 643; *People v. Morales* (2003) 112 Cal.App.4th 1176, 1187; *People v. Mason* (1962) 200 Cal.App.2d 282, 285.) On appeal, "[w]hen the double jeopardy question requires the trial court to resolve disputed facts, the appellate

6

court reviews the case under the substantial evidence standard. [Citation.] But, when the facts are uncontradicted and different inferences cannot be drawn, the question of former jeopardy is one of law for the court to decide. [Citation.] Moreover, determination of whether double jeopardy applies in a case involving separate prosecutions of the same or similar conduct in different jurisdictions requires the court to compare and construe the applicable criminal statutes from both jurisdictions. [Citations.] The construction of a statute is also a question of law. [Citation.] On appeal, we review questions of law de novo." (*Davis, supra*, 202 Cal.App.4th at p. 438.)

*Analysis*

The record indicates Carreon's federal *convictions* were not predicated on the same acts constituting the offenses charged in the present case,[4] and he does not contend to the contrary. This ordinarily would be fatal to a double jeopardy claim, because " 'a conviction in this state is not barred where the offense committed is not the same act but involves an element not present in the prior prosecution.' " (*Davis, supra,* 202 Cal.App.4th at p. 437.)

Carreon instead predicates his claim of a double jeopardy violation on his contention that, because the sentence imposed by the federal court was enhanced based in

[4]     Carreon's showing falls short of satisfying his burden of establishing the facts demonstrating he has been placed in double jeopardy by reason of the federal conviction. Instead, the record at most shows he was convicted in the federal action of six counts, five of which were alleged to have occurred between 2010 and 2012, and the sixth alleged to have occurred in 2004. In contrast, the physical acts underlying the present convictions were apparently based on conduct in approximately 2002 to 2003 as to victim V., and between 2001 and 2002 as to victim B. Carreon has failed to satisfy his burden of showing the factual basis for the federal convictions involved the same physical acts as the acts underlying the present convictions.

part on the molestations he committed in 2001 and 2002, he was punished by the federal

court for the same conduct that underlay the present action.  We are not persuaded by his

argument, for two reasons.  First, it is Carreon's burden to establish the *facts*

demonstrating the alleged double jeopardy violation (*People v. Burkhart, supra,* 5 Cal.2d

at p. 643; *People v. Morales, supra,* 112 Cal.App.4th at p. 1187), and he has not done so

here.  Although the transcript from the sentencing hearing in federal court[5] does indicate

the sentencing judge "increased the base offense level" because of Carreon's "sexual

contact with the victim," the transcript does not identify *which* victim the court was

adverting to, or *when* such sexual contact occurred, and therefore Carreon has not

demonstrated the sentencing judge increased the base offense level based on the same

sexual contact with the same victims as was involved in the criminal charges brought in

the present case.[6]

More importantly, even if his federal sentence *was* elevated by consideration of

the same facts forming the basis for his convictions here, Carreon cites no authority

suggesting that selection of a sentence for a distinct crime based on such facts would

trigger either federal or California double jeopardy protections.  The United States

---

[5]     We have granted Carreon's request to take judicial notice of the reporter's
transcript of the sentencing hearing in the federal action.

[6]     There is some evidence of a videotape involving sexual conduct with a different
great-niece (A.), and that there was sexual misconduct with A. occurring in 2012.
Because the federal record does not identify *who* the "victim" mentioned by the
sentencing judge was that suffered from the sexual contact, it is unclear that Carreon's
federal sentence was in fact "elevated" based on the same sexual contact that was the
basis for the state convictions.

Supreme Court explained in *U.S. v. Watts* (1997) 519 U.S. 148 that a sentencing court, when calculating a sentence under the United States Sentencing Guidelines Manual, could properly consider the facts underlying a charge on which the jury returned a verdict of not guilty without violating the federal double jeopardy clause, reasoning those "sentencing enhancements do not punish a defendant for crimes of which he was not convicted, but rather increase his sentence because of the manner in which he committed the crime of conviction." (*Watts,* at p. 154.)

The *Watts* court relied on its prior decision in *Witte v. U.S.* (1995) 515 U.S. 389, which appears indistinguishable from the facts presented here. In *Witte*, the defendant suffered a prior conviction and was subjected to an enhanced sentence in that first proceeding based on certain facts. The defendant was subsequently indicted for crimes based on those same facts, and the defendant moved to dismiss, arguing he had already been punished for the newly charged offenses because the drugs involved in those transactions had been considered as relevant conduct at sentencing for the prior offense. (*Id.* at pp. 393-395.) The *Witte* court, noting its prior decisions had "specifically . . . rejected the claim that double jeopardy principles bar a later prosecution or punishment for criminal activity where that activity has been considered at sentencing for a separate crime" (*Witte,* at p. 398, citing *Williams v. Oklahoma* (1959) 358 U.S. 576), adhered to its approach and ruled that "[b]ecause consideration of relevant conduct in determining a defendant's sentence within the legislatively authorized punishment range does not constitute punishment for that conduct, the instant prosecution does not violate the Double Jeopardy Clause's prohibition against the imposition of multiple punishments for

9

the same offense." (*Id*. at p. 406.)  Accordingly, and as explained by *Watts*, "a sentencing court could, consistent with the Double Jeopardy Clause, consider uncharged [criminal acts] in imposing a sentence on [a separate charge] that was within the statutory range, without precluding the defendant's subsequent prosecution for the [uncharged criminal acts]." (*U.S. v. Watts, supra,* 519 U.S. at pp. 154-155.)  The analysis in *Witte* and *Watts* is fatal to Carreon's double jeopardy argument under the federal Constitution.

Carreon nevertheless argues that, because states may provide greater double jeopardy protections than are afforded under the federal Constitution (*People v. Homick* (2012) 55 Cal.4th 816, 839), the California proscriptions against double jeopardy bar this prosecution.  However, he cites no pertinent California cases supporting his claim, and the analogous authorities appear to foreclose this argument.  In *People v. Johnson* (2015) 60 Cal.4th 966, the defendant asserted the state could not introduce (during the penalty phase of a capital prosecution) evidence he was guilty on a prior murder charge dismissed pursuant to defendant's negotiated no-contest plea to voluntary manslaughter because it would violate the proscription against double jeopardy.  Rejecting that claim, *Johnson* observed " '[t]he presentation of evidence of past criminal conduct at a sentencing hearing does not place the defendant in jeopardy with respect to the past offenses.  He is not on trial for the past offense, is not subject to conviction or punishment for the past offense, and may not claim either speedy trial or double jeopardy protection against introduction of such evidence.' [Quoting *People v. Visciotti* (1992) 2 Cal.4th 1, 71.]" (*People v. Johnson, supra,* 60 Cal.4th at p. 995.)  The *Johnson* court also cited with approval its prior opinion in *People v. Melton* (1988) 44 Cal.3d 713, in which it observed that "one is

10

not placed 'twice in jeopardy for the same offense' when the details of misconduct which has already resulted in conviction and punishment, or in dismissal pursuant to a plea bargain or for witness unavailability, are presented in a later proceeding on the separate issue of the appropriate penalty for a *subsequent* offense." (*Melton,* at p. 756, fn. 17.)

Because these cases make clear the presentation of evidence of past criminal conduct at a sentencing hearing or other proceeding for purposes of determining whether an elevated sentence may be imposed for a current crime does not place the defendant in jeopardy with respect to the past offenses under California's double jeopardy protections, the federal court's consideration of Carreon's criminal conduct toward V. and B. at the federal sentencing hearing (and imposition of an enhanced sentence based thereon) did not bar the present prosecution under California's double jeopardy protections.

DISPOSITION

The judgment of conviction is affirmed. The sentence is vacated and the matter is remanded to the trial court for resentencing in accordance with this opinion.


McDONALD, J.

WE CONCUR:


HALLER, Acting P. J.


McINTYRE, J.


11