Filed 12/715  P. v. Osuna CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARK OSUNA,<br><br>    Defendant and Appellant. | 2d Crim. No. B261444<br>(Super. Ct. No. 2008049610)<br>(Ventura County) |

Mark Osuna appeals a Proposition 47 resentencing order.  Previously, he was convicted of possession of heroin and was sentenced to two years state prison.  He was paroled from prison in 2010.  (Pen. Code, § 1170.18, subd. (d).).[1]  The trial court recalled the sentence and resentenced appellant to a misdemeanor one year county jail with credit for time served plus one year supervised parole.  (§ 1170.18, subd. (d).)  The trial court also revoked the state prison parole and sentenced appellant to 140 days jail for absconding after the Proposition 47 petition was filed.  We reverse the state prison parole revocation because that parole was terminated by operation of law when the trial court recalled the prison sentence and resentenced appellant.  As modified, the judgment is affirmed.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

*Procedural History*

In 2008 appellant pled guilty to possession of heroin (Health & Saf., Code, § 11350, subd. (a)) and admitted a prison prior enhancement (§ 667.5, subd. (b)). The trial court suspended imposition of sentence and granted Proposition 36 drug probation (§ 1210.1) which was terminated in 2009. On September 17, 2009, the trial court revoked probation and sentenced appellant to two years state prison.

Appellant was paroled on August 11, 2010. Between that date and November 9, 2014, appellant violated parole 19 times. Ten of the parole violations were for absconding.

On November 4, 2014, California voters enacted Proposition 47, "The Safe Neighborhoods and Schools Act," to maximize sentencing alternatives for nonserious, nonviolent crimes. (See Couzens, Bigelow & Prickett, Sentencing California Crimes (The Rutter Group 2015) § 25.1, pp. 25-1 to 25-2.) Proposition 47 makes certain drug possession offenses (Health & Saf. Code, §§ 11350; 11357, subd. (a); 11377) misdemeanors and provides that defendants previously sentenced to state prison on a qualifying drug offense may petition to be resentenced. (§ 1170.18, subd. (a).) Section 1170.18 subdivision (d) states in pertinent part: "A person who is resentenced pursuant to subdivision (b) shall be given credit for time served *and shall be subject to parole for one year following completion of his or her sentence*, unless the court in its discretion, as part of its resentencing order, releases the person from parole." (Italics added.)

On November 10, 2014, appellant filed a Proposition 47 petition for resentencing. (§ 1170.18, subd. (a).) Before the trial court ruled on the petition, the California Department of Corrections and Rehabilitation (CDCR) filed a petition to revoke appellant's parole.

On December 17, 2014, the trial court granted the Proposition 47 petition, recalled the state prison sentence, and sentenced appellant to 365 days county jail with credit for time served. The trial court imposed a one-year supervised parole term (§ 1170.18, subd. (d)) and ruled that the presentence custody credits (720 days) do not reduce the parole term. Appellant argued that it was "a new grant of parole" and that it

2

mooted the CDCR parole violation. The trial court overruled the objection. Appellant admitted violating parole and was ordered to serve 140 days county jail.

*Presentence Custody Credits*

Appellant argues that the trial court erred in not deducting his excess presentence custody credits from the one-year supervised misdemeanor parole term. We rejected a similar argument in *People v. Hickman* (2015) 237 Cal.App.4th 984 (review granted August 26, 2015, S227964) and *People v. McCoy* (2015) 239 Cal.App.4th 431 (review granted Oct. 14, 2015, S229296).[2] Proposition 47 provides that the trial court, on resentencing, may order parole supervision "*in addition* to any resentence imposed by the court, and without consideration of any [custody] credit that the petitioner may have earned. . . ." (Couzens, Bigelow & Prickett, *supra*, Sentencing California Crimes, § 25:6, p. 25-62.)

Appellant cites *In re Sosa* (1980) 102 Cal.App.3d 1002 and section 2900.5, subdivision (a) for the general rule that excess custody credits shorten the parole period and, assuming the custody credits exceed the parole period, the prisoner is discharged unconditionally. Section 1170.18, subdivision (d) expressly states that supervised parole is the rule unless the superior court, in its discretion, determines that parole supervision is not required. Appellant is entitled to custody credits against the new misdemeanor sentence but not against the one-year misdemeanor parole term. (§ 1170.18, subd. (d).) This is consistent with the Proposition 47 Voter Information Guide which advised voters: "Offenders who are resentenced would be required to be on state parole for one year, unless the judge chooses to remove that requirement." Where the language is clear and unambiguous, we follow the plain meaning of the measure. (See e.g., *People v. Harbison*

---

[2] In *People v. Morales* (2015) 238 Cal.App.4th 42, 49-51, the Fourth Appellate District, Division Three reached the opposite result. Our Supreme Court granted review in *Morales* on August 26, 2015 (S228030) and designated it as the lead case. The court deferred briefing in *People v. Hickman* and *People v. McCoy* briefing pending its decision in *People v. Morales*.

(2014) 230 Cal.App.4th 975, 980 [Proposition 36 alternative sentencing scheme for those convicted of certain narcotics offenses].)

The trial court reasonably concluded that appellant is in dire need of supervised parole, as evidenced by the 19 parole violations.  We reject the argument that the presentence custody credits reduce or negate the Proposition 47 supervised parole term.

*New Sentence Moots State Prison Parole Violation*

Appellant argues that the Proposition 47 resentencing order moots the state prison parole violation.  We agree.  The trial court terminated parole by operation of law when it recalled the sentence.  "[O]nce the sentence is recalled, for whatever lawful reason, the court's authority remains limited to 'resentenc[ing] the defendant in the same manner as if he or she had not been previously been sentenced.' [Citation.]"  (*People v. Nelms* (2008) 165 Cal.App.4th 1465, 1473 [discussing section 1170, subdivision (d) authority to recall sentence].)  Proposition 47 provides: "Any felony conviction that is recalled and resentenced under subdivision (b) . . . shall be considered a misdemeanor for all purposes . . . ."  (§ 1170.18, subd. (k).)

Proposition 47 imposes a one year cap on supervised parole and prohibits imposition of a sentence that results in a longer term.  (§ 1170.18, subds. (d)-(e).)  Here, the trial court sentenced appellant to one year county jail, imposed a full one year misdemeanor parole term, revoked appellant's original parole, and ordered appellant to serve 140 days county jail on the CDCR parole violation.  The December 17, 2014 minute order states: "*Parole is revoked and reinstated* under the same terms and conditions of the California Department of Corrections and Rehabilitation, Division of Adult Parole Operations."  (Italics added.)

The double jeopardy protections of the federal and state constitutions preclude appellant from being punished twice for the same offense.  (*United States v. Wilson*  (1975) 420 U.S. 332, 343 [43 L.Ed.2d 232, 241]; *Illinois v. Vitale* (1980) 447 U.S. 410, 415 [65 L.Ed.2d 228, 235]; *People v. Lazarevich* (2001) 95 Cal.App.4th 416, 425-426.)  "[A] period of parole following a prison term has generally been

4

acknowledged as a form of punishment." (*People v. Nuckles* (2013) 56 Cal.4th 601, 608.) Appellant cannot be subject to two different paroles for the same offense.

*Conclusion*

The order revoking state prison parole with 140 days county jail is reversed. The Proposition 47 order resentencing appellant to one year county jail with credit for time served, plus one year supervised parole is affirmed. (§ 1170.18, subd. (d).) As modified, the judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

Brian Back, Judge

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy Public Defender, for Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez and Theresa A. Patterson, Deputy Attorneys General, for Respondent.